APPEALS OF JOHN MOIR, FRANCIS W. KIMBALL, HARRY L. JONES, CHARLES R. SUTLER, FREDERICK A. FLOOD, AND WILLIAM T. RICH.

Docket Nos. 3188–3193.    Submitted June 18, 1925.    Decided November 12, 1925.

In 1923 the taxpayers claimed credits under section 222 (a) (1) of the Revenue Act of 1921, on account of taxes paid to foreign governments, and further claimed credits under section 1200 (a) of the Revenue Act of 1924, of 25 per cent of the amount of tax shown on their returns before deducting the said credit for foreign taxes. *Held*, that the credit provided in section 1200 (a) of the Revenue Act of 1924 is to be computed after the deduction of the credit provided for in section 222 (a) (1) of the Revenue Act of 1921.

*J. A. Bricket, Esq.*, for the taxpayers.
*B. G. Simpich, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

The above-mentioned appeals involve deficiencies in amounts, respectively, of less than $10,000 for the year 1923. The amounts are

not stated in the several petitions, but all involve the same question, and the appeals were joined for the purpose of hearing.

FINDINGS OF FACT.

The taxpayers are individuals, citizens, and residents of the United States.

The taxpayers duly filed income-tax returns for the year 1923, showing thereon various sums of tax due as computed under the Revenue Act of 1921, and amounts of tax credited against the tax so shown to be due on account of payments of income taxes to foreign governments. Subsequent to the passage of the Revenue Act of 1924, the collector of internal revenue in whose district the returns were filed credited the taxpayers with 25 per cent of the net amount of tax shown to be due on their returns after deducting the aforementioned credits on account of taxes paid to foreign governments. The taxpayers thereupon filed claims for abatement for credits of additional amounts, based upon 25 per cent of the amount of tax shown on their returns before taking credit for payments to foreign governments. The Commissioner disallowed such claims for abatement and credits and from such disallowance the taxpayers bring these appeals.

DECISION.

The determinations of the Commissioner are approved.

OPINION.

JAMES: The Commissioner in his answer pleaded that the Board is without jurisdiction to hear and determine these appeals for the reason that he has not, since the passage of the Revenue Act of 1924, determined a deficiency in tax in respect to these taxpayers. The Commissioner's position in this plea is that the taxpayers have been assessed on the basis of the tax shown upon the taxpayers' returns, and that a deficiency is only an amount of tax determined by him to be due in excess of that shown on the taxpayer's return. This is true in the ordinary case, but in cases in which the taxpayer shows an amount of tax upon his return but does not admit that that amount of tax is due and collectible, it is the amount which he admits to be due and not the amount which appears upon the face of his return which is deemed the starting point in the computation of a deficiency. *Appeal of Continental Accounting & Audit Co.*, 2 B. T. A. 761. The Commissioner's motion to dismiss is therefore denied, and we pass to a determination of the merits of the appeals, considering as true the allegations of the several parties.

Section 1200 of the Revenue Act of 1924, provides for a credit upon the tax for the year 1923 in the following language:

(a) Any taxpayer making return, for the calendar year 1923, of the taxes imposed by Parts I and II of Title II of the Revenue Act of 1921 shall be entitled to an allowance by credit or refund of 25 per centum of the amount shown as the tax upon his return.

(b) If the amount shown as the tax upon the return has been paid in full on or before the time of the enactment of this Act, the amount of the allowance provided in subdivision (a) shall be credited or refunded as provided in section 281 of this Act.

(c) If the taxpayer has elected to pay the tax in installments and, at the time of the enactment of this Act, the date prescribed for the payment of the last installment has not yet arrived, the amount of the allowance provided in subdivision (a) shall be prorated to the four installments. The amount so prorated to any installment, the date for payment of which has not arrived, shall be applied in reduction of such installment. The amount so prorated to any installment, the date for payment of which has arrived, shall be credited against the installment next falling due after the enactment of this Act.

(d) If the taxpayer has been granted an extension of time for payment of the tax or any installment thereof to a date subsequent to the enactment of this Act, the amount of the allowance provided in subdivision (a) shall be applied in reduction of the amount of tax shown upon the return, or, if the tax is to be paid in installments, shall be prorated to the four installments. The amount so prorated to any installment, the date for payment of which has not arrived, shall be applied in reduction thereof. The amount so prorated to any installment, the date for payment which has arrived, shall be credited against the installment next falling due after the enactment of this Act.

(e) Where the taxpayer at the time of the enactment of this Act has not paid in full that part of the amount shown as the tax upon the return which should have been paid on or before the time of the enactment of this Act, then 25 per centum of any amount already paid shall be applied in reduction of the amount unpaid (such unpaid amount being first reduced by 25 per centum thereof) and any excess shall be credited or refunded as provided in section 281 of this Act.

The taxpayers' claim is that the language "of the amount shown as the tax upon his return" is the gross amount of tax thereon and not the amount of tax as reduced by the credits provided in section 222 (a) (1) of the Revenue Act of 1921. Standing alone, the language of section 1200 (a) might be susceptible of this construction, although the result of such a construction would produce manifest absurdities. But detailed provisions contained in section 1200 (b) (c), (d), and (e), above, negative any construction other than that placed upon the Act by the Commissioner. Section 1200 (b) reads:

If the amount shown as the tax upon the return *has been paid in full* * * * the amount of the allowance * * * shall be *credited or refunded* * * *. [Italics ours.]

It is clear from the foregoing that the amount by which the tax is reduced is intended to balance the taxpayer's account for taxes due

the Government, and if he overpays the taxes due he is entitled to a credit or refund. It is clearly inconsistent with the provisions of subdivision (b) to hold that a taxpayer may be entitled to a refund on account of the 25 per cent credit in excess of the amount actually paid to the collector, yet this is the inevitable result which would follow from the position claimed by the taxpayers. It could readily happen, in the case of a citizen of the United States whose entire income is derived from sources abroad, that the tax due the foreign government would equal or exceed the tax due the United States and the credit would equal that tax. The taxpayers here claim, in effect, that under such circumstances they would be entitled to a payment from the United States of 25 per cent of the amount of tax shown on their returns without the above-mentioned credit, although no tax would be due the United States and none would be paid. The language "shall be credited or refunded" involves an indebtedness against which a credit is to be applied or as to which a refund is to be made, and does not imply a gratuitous payment from the Treasury on account of taxes paid to governments other than the United States.