FRED TAYLOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79354. Promulgated August 4, 1937.

*Frank M. Thompson, Esq.*, and *R. B. Cannon, Esq.*, for the respondent.

OPINION.

HILL: On April 26, 1937, respondent filed a motion to dismiss this proceeding for lack of jurisdiction, on the ground that the notice mailed to petitioner on February 8, 1935, which purports to be a notice of deficiency in accordance with section 274 (a) of the Revenue Act of 1926, as amended by section 501 of the Revenue Act of 1934, and section 283 of the Revenue Act of 1926, from which notice the appeal herein was taken, is not such a notice as is provided for by the statute, "in that the tax liability and additions thereto imputed in such notice are not in excess of the amount of such liability and additions thereto shown in the taxpayer's return."

Section 273 of the Revenue Act of 1926 defines the term "deficiency", in so far as material here, as meaning the amount by which the true tax liability "exceeds the amount shown as the tax by the taxpayer upon his return." Section 274 (a) provides that if in the case of any taxpayer the Commissioner determines that there is a deficiency in respect of the tax imposed by that act, the Commissioner is authorized to send notice of such deficiency to the tax-payer; and further provides for the filing of a petition by the taxpayer with this Board for the redetermination of the deficiency. Section 283 of the same act makes substantially the same procedure applicable to taxes imposed by prior acts, including the Revenue Act of 1917.

Petitioner did not personally file an income tax return for the year 1917, but on February 5, 1935, respondent prepared and signed a return for petitioner under the provisions of section 3176 of the Revised Statutes, as amended. This return disclosed a tax due in the amount of $10,657.88 and a penalty of $5,328.94. These are the amounts shown in the notice mailed to petitioner by respondent on February 8, 1935.

The return filed by respondent became the return of petitioner, and stands on the same basis as if it had been filed by petitioner. It is prima facie good and sufficient for all legal purposes. *Joe Goldberg*, 14 B. T. A. 465, 467. Respondent contends, therefore, that,

since the amount of the tax and addition thereto "imputed" in the notice above mentioned are not in excess of the amount shown on the taxpayer's return, no deficiency has been determined, and the Board is without jurisdiction.

Respondent's position, we think, can not be sustained under the facts of this case, which disclose that neither prior nor subsequent to the filing of the return did petitioner admit that the amount of tax and penalty shown thereon was correct. Respondent's notice indicates that as early as October 23, 1934, long prior to the filing of the return, petitioner was protesting the proposed action. After the relief requested in the protest had been denied, the return filed and notice mailed by respondent, petitioner timely filed with the Board a petition for redetermination, in which it was admitted that the amount of tax due was only $250.90.

In the ordinary case where a return is filed by the taxpayer, the amount of tax shown thereon is admitted to be due, and in such case a deficiency is the amount of tax determined by respondent to be due in excess of that shown on the taxpayer's return. But where a taxpayer shows an amount of tax on his return but does not admit that such amount is due and collectible, the amount admitted to be due and not the amount shown on the return is the starting point in computing a deficiency.

In *John Moir*, 3 B. T. A. 21, we said:

> The Commissioner in his answer pleaded that the Board is without jurisdiction to hear and determine these appeals for the reason that he has not, since the passage of the Revenue Act of 1924, determined a deficiency in tax in respect to these taxpayers. The Commissioner's position in this plea is that the taxpayers have been assessed on the basis of the tax shown upon the taxpayers' returns, and that a deficiency is only an amount of tax determined by him to be due in excess of that shown on the taxpayer's return. This is true in the ordinary case, but in cases in which the taxpayer shows an amount of tax upon his return, but does not admit that that amount of tax is due and collectible, it is the amount which he admits to be due and not the amount which appears upon the face of his return which is deemed the starting point in the computation of a deficiency. Appeal of *Continental Accounting & Audit Co.*, 2 B. T. A. 761. The Commissioner's motion to dismiss is therefore denied, * * * .

We cited and followed the *Moir* decision on this point in *United States Fidelity & Guaranty Co.*, 5 B. T. A. 23, 26; *Powell Coal Co.*, 12 B. T. A. 492, 497; and *Edward J. Lehmann et al., Trustees*, 21 B. T. A. 664, 671.

In the instant case we hold that, to the extent the tax and penalty determined by respondent exceed the amount of $250.90, respondent has determined a deficiency within the meaning of the taxing statute, and that we have jurisdiction to redetermine such deficiency. Accordingly, respondent's motion will be denied.