## McCONKEY et ux. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6462.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 15, 1952.

Decided Nov. 10, 1952.

Collector of Internal Revenue the amount of the tentative deficiency. The payments were accepted by the Collector as "Payments in Suspense." Subsequent to the payments mentioned, the Collector sent petitioners a "notice of deficiency" which determined the deficiency in tax as found by the revenue agent and advised petitioners of their right to appeal to the Tax Court. Taxpayers appealed to the Tax Court. No assessment of the tax had been made prior to the time the money was paid to the Collector, the notice of deficiency issued and the appeal taken to the Tax Court. The Commissioner moved to dismiss the appeal on the ground that the tax had been paid and, as there was no deficiency in tax, the Tax Court was without jurisdiction. The Tax Court granted the motion to dismiss and it is this decision of the Tax Court that we are asked to review.

The question before us is whether the Tax Court had jurisdiction to review the action of the Commissioner of Internal Revenue in purporting to assert a deficiency in income tax charges against taxpayers where the amount proposed as a deficiency had in fact been paid to the Collector of Internal Revenue, with interest, prior to the date on which the Commissioner's statutory notice was mailed. We think this question must be answered in the negative and that the Tax Court properly granted the motion to dismiss for lack of jurisdiction.

It is the position of the taxpayers that, for the jurisdiction of the Tax Court, it is quite immaterial that, prior to a determination of deficiency by the Commissioner, the tax in question has already been paid. The Commissioner contends that since there was no deficiency when the Commissioner issued his determination and notice, the Tax Court is without jurisdiction to review the liability of taxpayers for 1947.

So far as this case is concerned, a "deficiency" within the meaning of Section 271 (a), 26 U.S.C.A. § 271(a), would be the excess of the correct tax due, as determined by the Commissioner, over the amount shown on the return plus any amounts previously assessed or collected without

Robert Ash, Washington, D. C., for petitioners.

George F. Lynch, Sp. Asst. to Atty. Gen. (Charles S. Lyon, Acting Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott and Fred E. Youngman, Sp. Assts. to Atty. Gen., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This appeal involves the federal income tax liability of James G. McConkey and his wife, Claudine W. McConkey, for the taxable year ended December 31, 1947. The case is brought to this court by a petition for review filed by the taxpayers. The jurisdiction of this Court is invoked under Section 1141(a) of the Internal Revenue Code, as amended by Section 36 of the Act of June 25, 1948, 26 U.S.C.A. § 1141(a).

After a revenue agent had tentatively proposed a deficiency in tax against the petitioners for 1947, the petitioners paid the

assessment. Under the facts of this case taxpayers had paid the $11,277.46 later found by the Commissioner to be due for 1947, and when the Commissioner mailed his deficiency notice there was no excess over the amount shown on their return plus the amount previously collected without assessment. There was thus no "deficiency" upon which the jurisdiction of the Tax Court could operate. Compare Standard Portland Cement Co. v. Commissioner of Internal Revenue, 3 Cir., 80 F.2d 585, 587.

Section 272 of the Internal Revenue Code, 26 U.S.C.A. § 272, provides:

"If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with The Tax Court of the United States for a redetermination of the deficiency. * * *"

Taxpayers here rely heavily upon the cases of H. Milgrim & Bros., Inc. v. Commissioner, 24 B.T.A. 853 and O'Meara v. Commissioner, 11 B.T.A. 101. The Commissioner contends that those two cases have no application to the facts of our case, and insists that the case most nearly in point here, which should be controlling, is Anderson v. Commissioner, 11 T.C. 841. Taxpayers, without denying its applicability, attack the soundness of the Anderson decision. Some discussion of these three cases is, thus, clearly in order.

In the O'Meara case, a consolidated return had been filed by two corporations and the tax shown thereon was paid by check of the parent corporation, although the subsidiary had contributed the portion of tax allocated to it on the consolidated return. The Commissioner later determined that separate returns should have been filed and asserted deficiencies on that basis. In his notices of deficiency he gave credit to the parent corporation for the amount assessed on the consolidated return, thus showing the full separate tax liability on a deficiency, although the amount was less than the amount contributed by the subsidiary to the tax paid on the consolidated return. A consolidated return was also involved in the Milgrim case, where the big question was the amount of an alleged loss. It is only fair to taxpayers here to state that in both the O'Meara and the Milgrim cases, a motion to dismiss for lack of jurisdiction on the part of the Board of Tax Appeals (now the Tax Court of the United States) was duly denied. In each of these two cases, also the opinion contains general language tending to sustain the contentions of taxpayers. As far as the point before us is concerned, neither opinion contains any adequate discussion and no supporting cases are cited.

True it is, as is noted in the brief of the taxpayers, in the Anderson case neither the taxpayer nor counsel for the taxpayer appeared at the hearing. In disposing of the Anderson case, the Tax Court made no mention of the mandatory provisions of Section 272, giving taxpayers the right of appeal to the Tax Court in all cases in which a deficiency was determined. Likewise, it did not refer to such decisions as H. Milgrim and Bros., Inc., 24 B.T.A. 853, or C. A. O'Meara, 11 B.T.A. 101. We think, however, the Anderson decision is sound, is directly in point and should be followed by us, though we might expect, on so important and so controverted a question, a much more extended opinion. In the Anderson case, after a quotation (very much in point) from Everett Knitting Works, 1 B.T.A. 5, the opinion of Judge Opper ends with this paragraph:

"Since, on the date of the letter purporting to be a notice of deficiency, it appears that the tax there involved had already been paid, it must be held that the letter was not a valid notice of deficiency within the meaning of the Internal Revenue Code. See Internal Revenue Code, Section 271(a). The inescapable prerequisite of our juris-

diction is consequently lacking. Cf. Will County Title Co., 38 B.T.A. 1396. Accordingly, notwithstanding the failure of the petitioner to appear at the hearing and his default in prosecution of this appeal, this proceeding is dismissed for lack of jurisdiction."

With this we fully agree. Cf. Suhr v. United States, 3 Cir., 18 F.2d 81.

Appellant relies upon expressions contained in the opinion in Rosenman v. United States, 323 U.S. 658, 662, 65 S.Ct. 536, 89 L.Ed. 535. That case, however, decided merely that such a payment as was made here would not set in motion the statute of limitations against an action instituted in the federal court for recovery of taxes paid until the liability for such taxes was defined by the subsequent deficiency assessment. When the deficiency assessment was made in the case at bar, its real effect was not to assess a deficiency to be collected from the taxpayer, but to determine the liability of taxpayer with respect to taxes which he had paid to the collector to abide the contingency of such a determination.

■ Congress, it seems to us, has created a correlated scheme in aid of federal income taxpayers who think they have been unfairly treated. Such a taxpayer may either (a) decline to pay the tax and seek relief from the Commissioner's determination at the hands of the Tax Court, or, (2) he may pay the tax and then sue to recover it in a federal court. He may not, as petitioners seek to do here, mix up these two mutually independent procedures by taking a part of one procedure and a part of the other. In other words, he cannot pay the tax, then, upon an erroneous determination of a deficiency by the Commissioner, when there is in fact no deficiency since the tax has been paid, seek a review by the Tax Court.

The judgment of the Tax Court of the United States is affirmed, without prejudice to the right of the taxpayers to pursue any proper remedy they may have in a federal court.

Affirmed.