PACCON, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 800–65.   Filed January 27, 1966.

OPINION

SCOTT, *Judge:* The notice of deficiency for petitioner's fiscal year ended June 30, 1955, determined an overassessment in income tax of $12,791.94 and additions to tax under sections 6651(a) and 6653(a) of the Internal Revenue Code of 1954 in the respective amounts of $10,242.61 and $2,048.52. Respondent explained his determination of additions to tax as follows:

It is determined that your failure to file income tax returns for your taxable year ended * * * June 30, 1955, within the times prescribed by law has not been shown to be due to reasonable cause. Twenty-five percent of the taxes due on the respective due dates for filing such returns has therefore been added to such taxes under the provisions of * * * section 6651(a) of the 1954 Internal Revenue Code * * *

It is also determined that * * * part of the underpayment of tax for the taxable year ended June 30, 1955, (prior to the carryback of subsequently incurred net operating losses) were due to negligence and intentional disregard of rules and regulations. Five percent * * * of such underpayment for the year ended June 30, 1955 is therefore added to the taxes for such years under the provisions of * * * section 6653(a) of the 1954 Internal Revenue Code * * *

Respondent in his determination of petitioner's income tax liability for the taxable year ended June 30, 1955, showed as the taxable income disclosed by petitioner's return the amount of $35,176.81 and as unallowable deductions and additional income the amount of $59,992.29, making a total of $95,169.10, from which was subtracted nontaxable income and additional deductions totaling $95,169.10 among which was included a net operating loss carryback deduction of $63,708.74. Since the nontaxable income and additional deductions as determined by respondent equaled the amount of taxable income determined by him, respondent in his notice of deficiency showed petitioner's taxable income as adjusted for the fiscal year ended June 30, 1955, as none. Respondent showed the income tax liability as shown on petitioner's income tax return for its fiscal year 1955 to be $12,791.94, and on this basis determined an overassessment for such year in that amount. In computing the additions to tax under sections 6651(a) and 6653(a) of the Internal Revenue Code of 1954, respondent showed petitioner's taxable income for its fiscal year 1955 before allowance of the net operating loss carryback to be $89,366.24, and the tax on such amount to be $40,970.44.

For the purpose of disposition of this motion the parties offered as joint exhibits the income tax return for the fiscal year ended June 30, 1955, filed by petitioner on October 13, 1958, which showed as the total amount of tax due the amount of $12,791.94, and a claim for corporation income tax executed on behalf of petitioner on October 24, 1958, and filed with respondent subsequently thereto. The claim stated that it was for the taxable year July 1, 1954, to June 30, 1955. In the space labeled "Amount of assessment" was shown the figure $12,791.94 and in the space for showing date of payment was written, "None (See Item 9)." Attached to the claim (Form 843) was a paper headed, "Statement to accompany Claim for Refund—Form 843— Item 9" which stated:

The claimant believes that this claim should be allowed for the following reasons:

Taxpayer corporation filed its tax return for the fiscal year from July 1, 1954 to June 30, 1955, which showed a balance of income tax due in the amount of $12,791.94. None of this tax was paid since the officers of taxpayer corporation relied upon the advice of an attorney-at-law who qualified as a tax attorney that an income tax return need not be filed since all the business of the corporation was transacted outside the United States of America. Subsequent tax returns of taxpayer corporation reflect a net loss of $10,368.06 for the fiscal year from July 1, 1955 to June 30, 1956, and a net loss of $153,685.85 for the fiscal year from July 1, 1956 to June 30, 1957.

This claim is filed for the purpose of reserving to taxpayer corporation the right to carry back the losses of the two years subsequent to the fiscal year from July 1, 1954 to June 30, 1955, as provided by Section 172 of the Internal Revenue Code of 1954.

In *Charles E. Myers, Sr.*, 28 T.C. 12 (1957), respondent determined an overassessment in income tax in excess of the total of the additions to tax determined for the same taxable year. We there held that we lacked jurisdiction over the year since the determination with respect to the year was a net overassessment and not a deficiency. Under our opinion in *Charles E. Myers, Sr., supra*, the net result of respondent's determination for petitioner's fiscal year ended June 30, 1955, is an overassessment. In *Charles E. Myers, Sr., supra*, we specifically pointed out that no rebate was involved and that the amount shown as an overassessment for each year was the difference between the tax imposed and the amount shown as the tax by the taxpayers upon their return. Here likewise no rebate is involved since no prior determination of an allowance of refund or credit had been made by respondent when his notice as to petitioner's fiscal year 1955 was issued determining as an overassessment the entire amount of the tax shown as due on the return.

Petitioner contends that two factors distinguish the *Charles E. Myers, Sr.*, case from this case. Petitioner's position is that its return for the fiscal year 1955 should be considered as a return reporting no tax due since it filed its returns for its fiscal years 1956 and 1957 reporting net operating loss carrybacks on the same day it filed its return for its fiscal year 1955. Petitioner takes the further position that at the time the return for its fiscal year 1955 was filed, there was in fact no tax due, that shortly after filing its return for the fiscal year 1955, it filed a carryback claim so stating, and that the 1955 return and carryback claim should be considered as a composite document. If petitioner, on its return under total income tax due, had shown an amount of "none" and in explanation had attached to its return the explanation which was filed by it with its claim subsequent to the date of filing its return, the *Charles E. Myers, Sr.*, case might be distinguishable. Petitioner cites a number of cases dealing with returns filed by taxpayers, which returns reported no tax due. The cases cited by petitioner involved situations of income tax returns showing an amount of tax to be due on their faces, which had attached to them a statement that no amount of tax was due because of some reason such as a contention that the tax was unconstitutional. In *Penn Mutual Indemnity Co.* v. *Commissioner*, 277 F. 2d 16 (C.A. 3, 1960), affirming 32 T.C. 653 (1959), the court, in discussing the contention that a letter attached to the income tax form filed by the taxpayer disputing the validity of the tax and declaring that the tax was not going to be paid should be disregarded, stated:

It would be unfortunate indeed if a taxpayer's substantive rights depended upon whether he showed his claim upon the form itself or upon a document accompanying it, especially if the document is attached to his return. * * * The Tax Court, therefore, had jurisdiction to hear the taxpayer's case.

In *Fred Taylor*, 36 B.T.A. 427 (1937), we stated the rule to be that, where a taxpayer shows an amount of tax on his return but does not admit that such amount is due and collectible, the amount admitted to be due, not the amount shown on the return, is the starting point for calculating the deficiency. In so holding we quoted from *John Moir*, 3 B.T.A. 21 (1925), in which we had held to this effect and we cited several cases in which we had followed our holding in *John Moir*, *supra*.

If we assume that the statement which was attached to petitioner's Form 843 constituted such a denial of tax liability that, had this statement been attached to petitioner's return, the holding in *Penn Mutual Indemnity Co.* v. *Commissioner, supra*, and *Fred Taylor, supra*, would be controlling, the problem is not disposed of because the facts here do show that the document was not attached to petitioner's return or filed at the same time the return was filed. In fact it was attached to a document purporting to be a claim for refund which was filed by petitioner at least 11 days subsequent to the date of the filing of the return.

The deficiency notice shows that the returns filed by petitioner for its fiscal years 1956 and 1957 reported losses, but there is nothing in the record to show that these returns on their faces showed that such losses constituted net operating loss carrybacks. If we assume from the statements of counsel that these returns were filed on the same day as the return for petitioner's fiscal year 1955, we cannot conclude that they were a part of the 1955 return or that they contained any information to show that there was no tax due by petitioner for its fiscal year 1955.

Our jurisdiction is statutory. The statute does not permit us to enlarge our jurisdiction because of the appeal of the type of equitable argument made by petitioner in the instant case. The facts here show that petitioner filed a return for its fiscal year 1955 showing a tax liability of $12,791.94.

We are next confronted with the issue of whether respondent's notice of deficiency does in fact determine a deficiency in income tax for the year ended June 30, 1955. As we pointed out, the statement attached to respondent's notice of deficiency sets up an income tax due from petitioner for its fiscal year ended June 30, 1955, in the amount of $40,970.44 prior to the allowance of the net operating loss carryback from subsequent years. It is this determination of a deficiency in tax for the fiscal year ended June 30, 1955, prior to the allowance of the net operating loss carryback which gives rise to a large portion of the additions to tax determined.

Certain cases have dealt with situations in which an underpayment of tax existed at the date a tax return was filed but did not exist at

the date respondent made his determination of tax liability because a subsequently incurred net operating loss carryback reduced income for the prior year. In *Manning* v. *Seeley Tube & Box Co. of New Jersey*, 338 U.S. 561 (1950), the Court held that—

The subsequent cancellation of the duty to pay this assessed deficiency does not cancel in like manner the duty to pay the interest on that deficiency. From the date the original return was to be filed until the date the deficiency was actually assessed, the taxpayer had a positive obligation to the United States: a duty to pay its tax. * * *

Relying on *Manning* v. *Seeley Tube & Box Co. of New Jersey, supra*, we held in *C. V. L. Corporation*, 17 T.C. 812 (1951), that the fortuitous circumstance of a net operating loss carryback reducing a taxpayer's liability for tax in a prior year did not excuse the earlier delinquency of the return and, therefore, did not reduce the amount of the addition to tax for failure to file the return on time. Petitioner argues that these cases hold that an underpayment existing when the return is filed should be considered as a determination of a deficiency by respondent even though at the time respondent's notice is issued there has arisen a net operating loss carryback which has been applied to eliminate the deficiency or tax due for the earlier year.

Section 6211(a) defines deficiency as the amount by which the tax imposed exceeds the excess of the amount shown as tax by the taxpayer on his return plus amounts previously assessed or collected as a deficiency without assessment over the amount of rebates, as defined in subsection (b)(2). In the instant case the tax imposed after allowance of the net operating loss carryback is less than the tax reported by the petitioner on its return. It is this fact which causes there to be an overassessment of the amount of tax shown as due on the return. This overassessment had arisen at the time respondent issued his notice.

It is the existence of a deficiency at the date of the sending of the notice of deficiency that confers jurisdiction upon this Court. In *Stanley A. Anderson*, 11 T.C. 841 (1948), we held that where, on the date of the mailing of the letter purporting to be a notice of deficiency, it appeared that the tax had already been paid, the letter was not a valid notice of deficiency and therefore did not confer jurisdiction upon this Court. In *McConkey* v. *Commissioner*, 199 F. 2d 892 (C.A. 4, 1952), affirming an order of dismissal of this Court, the court pointed out that a taxpayer "cannot pay the tax, then, upon an erroneous determination of a deficiency by the Commissioner, when there is in fact no deficiency since the tax has been paid, seek a review by the Tax Court." In these situations, if the only items considered had been the tax shown on the return as compared to the tax liability determined by the Commissioner, there would have existed a deficiency. In the *McConkey* case a revenue agent had tentatively proposed a deficiency in tax against the taxpayer, the taxpayer had paid the amount of such

tentative deficiency, and the payment had been accepted. In that case the question was the nature of the payment which had been placed by the collector in a suspense account without assessment. Concluding that the payment had been collected as a deficiency prior to the issuance of the notice, the court determined that no deficiency existed at the time the notice was issued and therefore the notice was not a notice of deficiency conferring jurisdiction upon this Court. The situation here is not different for jurisdictional purposes from one in which respondent determined an increase in income tax liability but an overassessment in income tax as a result of the allowance of a net operating loss carryback without any additions to tax being involved. If we would conclude that such a notice was not a notice of deficiency conferring jurisdiction upon this Court, under *Charles E. Myers, Sr., supra*, we must reach the same conclusion here. Since we consider it to be necessary to our jurisdiction that a deficiency exists when the notice is issued, we conclude that we are without jurisdiction in this case as to the fiscal year ended June 30, 1955.

*An appropriate order will be entered.*