HAROLD W. GRUBART, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grubart v. Commissioner
Docket No. 9495-79.
United States Tax Court
T.C. Memo 1981-101; 1981 Tax Ct. Memo LEXIS 644; 41 T.C.M. (CCH) 1047; T.C.M. (RIA) 81101; March 3, 1981. Harold W. Grubart, pro se. Martin Kaye and Joan Ronder Domike, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for hearing on respondent's motion to dismiss for lack of jurisdiction. Upon review of the record, the Court agrees with and adopts his opinion, which is set forth below. [1]
*645 OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: This case was calendared for hearing at the Motions Session of the Court at Washington on January 28, 1981, on respondent's motion to dismiss for lack of jurisdiction, filed on October 9, 1980, predicated on the asserted ground that no deficiency existed when the notice of deficiency was sent to peitioner. Counsel for respondent appeared and argued in support of the motion. Petitioner has filed an opposing affidavit and a supplemental memorandum, which have been duly considered. FINDINGS OF FACT On November 23, 1977, respondent issued a notice of deficiency (hereinafter, "the First Notice") to petitioner wherein he determined that petitioner was liable for deficiencies and additions to tax for fraud under section 6653(b) of the Code [2] for the years 1972 and 1973 in the following amounts: 1972
1973
Deficiency
$ 3,371.84
$ 17,981.01
Addition to Tax
1,685.92
8,990.50
Thereafter, on March 17, 1978, (114 days after the issuance of the First Notice) petitioner filed a *646 petition based upon that notice. The petition so filed was assigned Docket No. 2800-78 in this Court. Subsequently, on April 14, 1978, respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by the applicable provisions of the Internal Code. Petitioner on June 27, 1978, filed a cross-motion to dismiss on the ground that the First Notice was invalid because it was not sent to petitioner at his last known address. Following hearings on those motions in New York City, this Court granted respondent's motion to dismiss and denied petitioner's cross motion by order dated September 28, 1979, with the reasons therefor being contained in the Court's opinion, T.C. Memo. 1979-409 (filed September 27, 1979). Petitioner appealed the September 28 order to the United States Court of Appeals for the Second Circuit, which affirmed the order in an unpublished opinion filed on May 7, 1980. No petition for certiorari was timely filed, and this Court's order of September 28, 1979, has become final. Meanwhile, when petitioner failed to file a timely petition with respect to the First Notice, respondent's *647 Service Center on April 17, 1978, made assessments of the deficiencies in income tax and additions to tax determined therein, pursuant to section 6213(c). There have been no rebates with respect to petitioner's 1972 or 1973 income tax liabilities. On April 13, 1979, respondent issued a notice of deficiency (hereinafter, "the Second Notice") to petitioner wherein he determined that petitioner was liable for deficiencies and additions to tax for fraud for the years 1972 and 1973, in amounts identical to those which had been determined in the First Notice and which have been set out above. On July 5, 1979, petitioner filed a timely petition based upon the Second Notice, which was assigned Docket No. 9495-79 (the present case). Respondent timely filed his answer, and petitioner timely filed his reply to respondent's answer. After the pleadings were thus completed, on October 9, 1980, respondent filed his motion to dismiss for lack of jurisdicion, which was the subject of the hearing on January 28, 1981. OPINION Respondent's position is that this Court lacks jurisdiction for the reason that, at the time the Second Notice was issued, there was no deficiency which is a prerequisite *648 to the Court's jurisdiction. Petitioner's position is that this Court does have jurisdiction for the reason that respondent has admitted such in his answer and has included in his answer a prayer for relief that the deficiencies and additions to tax determined in the Second Notice be approved. It is well-settled that this Court can proceed in a case only if it has jurisdiction. National Committee to Secure Justice, Etc. v. Commissioner,27 T.C. 837, 839 (1957). Jurisdictional questions may be raised by the parties at any time, Shelton v. Commissioner,63 T.C. 193, 197-198 (1974), and the Court may raise such questions suasponte even if the parties do not raise them. Brannon's of Shawnee, Inc. v. Commissioner,71 T.C. 108, 111-112 (1978). Put another way, the parties cannot confer jurisdiction on the Court if factually and legally it does not exist. Section 6211 provides as follows: SEC. 6211. DEFINITION OF A DEFICIENCY (a) In General. -- For the purpose of this title in the case of income * * * taxes * * * the term "deficiency" means the amount by which the tax imposed by subtitle A * * * exceeds the excess of *649 -- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return * * * plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over -- (2) the amount of rebates * * * The deficiencies asserted in the Second Notice did not exist. The very amounts shown as deficiencies in that Second Notice, as well as the related additions to tax, had already been assessed prior to the issuance of the Second Notice, which did not take place until about a year later on April 13, 1979. In Bendhein v. Commissioner,214 F.2d 26 (2d Cir. 1954), affirming order of dismissal for lack of jurisdiction, it was held that, when the deficiency had been paid in full by the taxpayer prior to the issuance of the notice of deficiency, there was no deficiency and consequently that the Tax Court lacked jurisdiction. The same situation prevailed in Walsh v. Commissioner,21 T.C. 1063 (1954), as to the year 1944 in that case. Since section 6211(a) equates actual collections and assessments, the same result is compelled in the instant case, where the deficiencies and related additions to tax had been assessed although they *650 had not been paid. See also Paccon v. Commissioner,45 T.C. 392, 396-397 (1966). In Hannan v. Commissioner,52 T.C. 787, 791 (1969), this Court did states: "Thus, it is not the existence of a deficiency but the Commissioner's determination of a deficiency that provides a predicate for Tax Court jurisdiction." [Emphasis in original.] [3] That statement, considered in the peculiar circumstances of that case where there was a substantive question as to the allowability of certain claimed estimated tax carryover credits from prior years, appears to be not out of line in that context. Such statement does not appear to warrant finding that a deficiency existed at the time the Second Notice was sent out in the instant case. The cases cited by petitioner have been examined and they have been found to have no bearing on the question presented in the present case. In light of the foregoing, respondent's motion to dismiss *651 must be granted. An appropriate order will be entered.
Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. Petitioner is an attorney licensed to practice in all the Courts of the State of New York.
2. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. Compare the statement in the Paccon case (45 T.C., at p.396↩): "It is the existence of a deficiency at the date of the sending of the notice of deficiency that confers jurisdiction upon this Court."