RONALD RUFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RespondentRuff v. CommissionerDocket No. 29172-88United States Tax CourtT.C. Memo 1990-521; 1990 Tax Ct. Memo LEXIS 574; 60 T.C.M. (CCH) 932; T.C.M. (RIA) 90521; September 27, 1990, Filed *574 An appropriate order and decision will be entered. Ronald Ruff, pro se. Keith L. Gorman, for the respondent. COLVIN, Judge. COLVINMEMORANDUM OPINION This matter is before the Court on respondent's Motion For Judgment on the Pleadings, as amended, together with a motion for damages under section 6673. *576 Petitioner does not challenge the amounts of income tax determined by respondent. However, petitioner asserts that the issuance of the statutory notice of deficiency is barred by the statute of limitations, and he challenges various procedures of the Internal Revenue Service used here. For reasons stated below, we grant both of respondent's motions. Respondent determined a deficiency in petitioner's Federal income taxes for 1982 in the amount of $ 2,795, and additions to tax as follows: Sec.Sec.Sec.Sec.Year6651(a)(1)6653(a)(1)6653(a)(2)66541982$ 641.25$ 139.7550 percent of the$ 250interest due on$ 2,795Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. BackgroundRespondent issued a statutory notice of deficiency dated August 17, 1988. Petitioner was a resident of Maple Shade, New Jersey, when he filed his petition on November 9, 1988. The petition stated that the deficiency in income tax in the amount of $ 2,795 was in dispute. The petition*577 alleged that the determination was in error because: A. The notice of deficiency is moot as the assessment statute expiration date has elapsed. B. The notice of deficiency, letter 531, plus the attached "Explanation of Adjustments" was generated by the International Office of the Internal Revenue Service, F.O.D., who lack jurisdiction over petitioner. C. The penalties which are listed within the "Explanation of Adjustments" are of no legal consequence to the petitioner as they pertain to a tax class that is foreign to the petitioner. D. No procedural prerequisites, e.g. audit, 30 day notice, etc. have preceded [sic] the notice of deficiency whereby no administrative due process was afforded to petitioner. Specific facts upon which petitioner relies are stated in the petition as follows: A. The Individual Master File, Transcript Specific, hereinafter IMF Specific, which pertains to petitioner, and is the official government record, dated September 30, 1988, shows no posting of this notice of deficiency dated August 18, 1988. B. The IMF Specific indicates account of petitioner for 1982 is equal, no debits or credits. C. The IMF Specific indicates that a remittance*578 [sic] amount was made with the return dated October 11, 1985. (DLN-19211-313-00635-5) D. The assessment statute expiration date for the account of petitioner for the tax year 1982 was October 11, 1988, which renders this notice of deficiency moot. E. The IMF Specific indicates that no administrative procedures have been taken concerning this notice of deficiency, e.g. audit, 30 day notice, thus no administrative due process has been afforded the petitioner. F. The notice of deficiency, Letter 531, was generated by the International [sic] Office of the Internal Revenue Service, however the petitioner is not an alien, nor does he receive any income from any source outside of the United States of America. G. The penalties which are listed within the "Explanation of Adjustments" solely pertain to a tax class which concerns a Business Master File. The petitioner is not involved in any business activities. H. The penalties listed as "8115 penalties" on page 5 of the Explanation of Adjustments" is in error as the IMF Specific indicates that there was an acceptable reason for non-filing of return dated June 15, 1984. I. The penalties listed as "8116 penalties" on page*579 5 of the "Explanation of Adjustments" is in error as the IMF Specific indicates that return is filed or assessed, no tax liability, or even balance on filing dated December 2, 1985. J. The IMF Specific shows no requirement to file or pay an estimated tax, therefore the penalties listed as "8105 penalties" on page 5 of the "Explanation of Adjustments" is also in error. K. The Individual Master File National Computer Center Transcript-Specific is the official government record which pertains to petitioner, and as such, is self-authenticating, see 5 USC 552a. The law mandates the administrative record to be accurate, complete, timely, and relevant, whereby, the petitioner relies upon the facts contained within the Administrative Record as the basis for this case. The petition seeks a decision by this Court rendering the notice of deficiency moot. Attached to the petition as exhibits are a copy of the notice of deficiency, and a copy of one page of a computer-generated transcript of account. Respondent timely filed an answer and affirmatively alleged that the statute of limitations had not expired because respondent had no record of any filing by petitioner. *580 The answer had two attachments: (1) a copy of petitioner's Form 1040A for 1982, and (2) a copy of a letter to petitioner from the District Director indicating that respondent has no record of a Federal individual income tax return for 1982. The Form 1040A attached to respondent's answer included petitioner's name, address, spouse's occupation, and names of his son and mother-in-law claimed as dependents. He objected to providing his Social Security number, his occupation, his wife's Social Security number, and all other information requested on the form, except as it pertained to dependents and exemptions. Petitioner signed and dated the form April 12, 1983. The bottom of the Form 1040A includes the following typewritten statement: "Note: I am fearful that information may [illegible] to link me with a non-tax crime." Also stated at the bottom of the form is the following: FREE & SOVEREIGN CITIZEN OF THE USA/SIGNED & FILED UNDER THREAT OF STATUTORY PUNISHMENT I respectfully decline to answer on the ground of the FIFTH AMENDMENT to the United States CONSTITUTION. I refuse to furnish information which might tend to incriminate me and I request immunity under 18 USC 6004.*581 I specifically am claiming the CONSTITUTIONAL Privilege guaranteed by the FIFTH AMENDMENT to remain silent. I have a CONSTITUTIONAL Privilege not to testify against myself and I am at this time exercising my right against compelled testimony.Attached to the Form 1040A are 37 pages of material including: (1) a letter to the Commissioner from a William P. Kirby, Free and Sovereign Citizen of the United States of America, apparently allegedly providing authority for petitioner's Form 1040A response; (2) several newspaper clippings; (3) letters from unrelated cases; (4) affidavits of William P. Kirby containing tax protester-type arguments; and (5) correspondence of William P. Kirby. Petitioner filed a reply, again alleging that the transcript proves that a return was filed and that the notice of deficiency was issued without authority and is therefore moot. Attached to the reply is another copy of the transcript page highlighted in yellow, along with copies of documents that appear to translate the code used in the transcript. The case was originally set for trial on June 19, 1989. Petitioner sent a Request for Production of Documents and Things to respondent seeking: *582 1. A copy of all documents listed under Document Locater [sic] Number 19211-313-006535-5 which pertain to the Petitioner, Ronald Ruff # 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. 2. A copy of the document submitted by Mrs. Stiles, E:EOB:2004, or any other person, which indicates that an internal search of the Internal Revenue Service records for the Form 1040, Federal Income Tax Return of the Petitioner for 1982 was conducted. 3. A copy of the Delegation Order on the Regional and District level, which specifically authorizes Mrs. Stiles, E:EOB:2004 to prepare Form 1902-E. 4. A copy of the Delegation Order on the Regional and District level, which specifically authorizes, pursuant to Internal Revenue Code Section 6020, procedures to be instituted to assess a 1040 type tax for the years which Respondent alleges Petitioner failed to file. 5. A copy of the Delegation Order which authorizes Guy G. Lavignera, Assistant District Counsel, LG0046 to transcribe or decode an Individual Master File. 6. A copy of the Delegation Order on the Regional and District level, which authorizes the Office of the District Counsel to possess an Internal Revenue Service*583 Document 6209 used to transcribe of [sic] decode an individual Master File. 7. A copy of the Handbook of Delegation Orders, which specifically applies to the authority of the District level of the Newark District Office of the Internal Revenue Service at 970 Broad Street, Newark, New Jersey 07102. 8. A copy of the Delegation Order, both National and Regional levels, which authorizes the District Director or Service Center Director, or any other Internal Revenue Service officer or employee, pursuant to Internal Revenue Service Code Section 6020(b), to develop a substitute for return, which consists of page one of a Form 1040, showing the name, address and social security number of a taxpayer (1) who has failed to file a Form 1040 type Income Tax Return; and (2) for the purpose of opening an Individual Master File Tax Module. Counsel for respondent sent petitioner a letter on May 2, 1989, indicating that he was treating the request to produce as a request for informal discovery. In the letter respondent's counsel also scheduled a conference on May 10, 1989. Following the conference, on May 18, 1989, petitioner filed a Motion for Leave to Move the Court*584 For An Order Compelling Respondent to Produce Documents and Things. The Court denied petitioner's motion. Petitioner also filed a Motion for Leave to Request a Regular Tax Court Panel to Ajudicate [sic] This Action. The case was stricken from the June 19, 1989, calendar and later set for trial at the Trial Session beginning on October 30, 1989, in Philadelphia, Pennsylvania. On July 13, 1989, respondent filed a Motion for Judgment on the Pleadings, amended to add a request for damages under section 6673. Petitioner filed a response alleging that: (1) the notice of deficiency was developed without delegated authority; (2) the Individual Master File shows an original return was filed and assessed; (3) a substitute for return was developed without delegated authority; (4) petitioner was denied administrative due process; and (5) the statute of limitations had elapsed. In the response, petitioner states: the only issues before the court are whether the court has SUBJECT MATTER JURISDICTION to adjudicate a notice of deficiency developed without delegated authority; and whether [sic] an assessment can be made beyond the requirements of I.R.C. sec. 6501*585 without consent of the petitioner. The Court ordered respondent's motion be set for a hearing. Respondent filed a Motion to Compel Production of Documents Or To Impose Sanctions Under Rule 104. The motion was granted. Petitioner filed a response to the Court's order and a Motion for Summary Judgment on October 6, 1989 on grounds that the Commissioner only has authority to enforce Federal income tax laws on people outside the continental United States. The motion was denied. Both parties submitted trial memoranda. Attached to petitioner's trial memorandum were two documents. The first was captioned Motion for Leave to File Late, seeking to file a late motion for summary judgment under Rule 121. The second was essentially the same motion for summary judgment previously filed and denied. The parties agree that there are no factual issues to be decided. Pursuant to order, the case was called for hearing on October 30, 1989. Discussion of AuthorityPetitioner contends the statutory notice of deficiency is invalid because, first, its issuance was barred by the statute of limitations, and, second, respondent lacked authority to issue it. Statute of Limitations*586 The statute of limitations is an affirmative defense and the burden of proving that the period for timely assessment has expired is on the party seeking to avail himself of its benefit. Knollwood Memorial Gardens v. Commissioner, 46 T.C. 764, 792 (1966); Gatto v. Commissioner, 20 T.C. 830, 832-833 (1953). Generally, assessment must be made within three years after filing of a return. Sec. 6501(a). If the taxpayer proves that the notice of deficiency was mailed more than three years after the filing date, then respondent has the burden of pleading and proving the existence of an exception to the general period of limitations. Farmers Feed Co. v. Commissioner, 10 B.T.A. 1069 (1928); Miller v. Commissioner, T.C. Memo. 1989-461. See Miami Purchasing Service Corp. v. Commissioner, 76 T.C. 818, 823 (1981). If no return*587 is filed, taxes may be assessed at any time. Sec. 6501(c) (3). Section 6501(c)(3) states: (3) No Return. -- In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. It is well established that Forms 1040 that do not contain sufficient information to compute tax liability, such as amounts of gross income, deductions, and credits claimed, do not constitute returns for purposes of the statute of limitations. Conforte v. Commissioner, 74 T.C. 1160, 1195 (1980), affd. in part and revd. in part 692 F.2d 587 (9th Cir. 1982); Sanders v. Commissioner, 21 T.C. 1012, 1018 (1954), affd. 225 F.2d 629 (10th Cir. 1955); see, e.g., Oakes v. Commissioner, T.C. Memo. 1989-125; Meeks v. Commissioner, T.C. Memo. 1988-452; Shafer v. Commissioner, T.C. Memo. 1985-161, affd. without published opinion 797 F.2d 978 (9th Cir. 1986); Brobeck v. Commissioner, T.C. Memo. 1980-239,*588 affd. without published opinion 681 F.2d 804 (3d Cir. 1982). The Form 1040A submitted by petitioner during 1984 does not contain any information pertinent to the computation of income, deductions, or credits, and thus does not constitute a return. United States v. Porth, 426 F.2d 519 (10th Cir. 1970), cert. denied, 400 U.S. 824 (1970). There is no evidence that petitioner ever filed a valid return. The only document in the record that even remotely resembles a return is the Form 1040A signed by petitioner and attached to respondent's answer. The Form 1040 here clearly does not include the information necessary to determine a tax liability. The Form 1040A also included a statement referring to the Fifth Amendment. The Fifth Amendment privilege against self-incrimination protects an individual from being compelled to disclose information that could reasonably be expected to furnish evidence needed to prosecute the claimant for a crime. Kastigar v. United States, 406 U.S. 441, 445 (1972); Hoffman v. United States, 341 U.S. 479, 486 (1951).*589 The requirements that taxpayers shall prepare and file their tax returns do not violate the Fifth Amendment privilege against self-incrimination. United States v. Sullivan, 274 U.S. 259 (1927); Kasey v. Commissioner, 457 F.2d 369, 370 (9th Cir. 1972), affg. 54 T.C. 1642 (1970), cert. denied 409 U.S. 869 (1972). The Fifth Amendment privilege only applies when the possibility of self-incrimination is a real danger, not a remote and speculative possibility. Steinbrecher v. Commissioner, 712 F.2d 195, 197 (5th Cir. 1983). Here, petitioner's claim of Fifth Amendment protection is denied because he merely claimed the privilege without showing even a remote possibility of such self-incrimination. Finally, the page from the computer transcript of petitioner's account does not convince us that he filed a valid return for 1982. Accordingly, the statute of limitations does not bar assessment and collection of the deficiency and additions determined by respondent. Respondent's Authority to Issue Notices of DeficiencyPetitioner argues that the statutory notice of deficiency is invalid on a theory*590 that respondent possesses no authority to prepare a substitute return or to examine petitioner's books and records, and that the notice of deficiency was issued without proper delegated authority. Petitioner bears the burden of establishing that the notice of deficiency is invalid. Perlmutter v. Commissioner, 44 T.C. 382, 399 (1965), affd. 373 F.2d 45 (10th Cir. 1967). It is well established that the Secretary of the Treasury or his delegate has the authority to determine and issue statutory notices of deficiency. See secs. 6212(a), 7701(a)(11)(B), and 7701(a)(12)(A)(i). The Secretary has delegated to District and Service Center Directors the authority to determine and notify the taxpayer of a deficiency. 301.6212-1(a) and 301.7701-9(b), Proced. & Admin. Regs.; Kellogg v. Commissioner, 88 T.C. 167, 172 (1987); see Perlmutter v. Commissioner, supra at 385. A District Director has authority to sign and to mail statutory*591 notices of deficiency and may redelegate this authority to various subordinates except as restricted by proper order or directive. Kellogg v. Commissioner, supra; see sec. 301.7701-9(c), Proced. & Admin. Regs.; Estate of Brimm v. Commissioner, 70 T.C. 15, 19-20 (1978); Wessel v. Commissioner, 65 T.C. 273 (1975). Similarly, the Internal Revenue Service may prepare substitute returns for taxpayers who fail to do so themselves, section 6020(b)(1), but the substitute return does not preclude a taxpayer's statutory right to a hearing on the deficiency and the elements that comprise it. Millsap v. Commissioner, 91 T.C. 926, 936 (1988), citing Taylor v. Commissioner, 36 B.T.A. 427 (1937). Petitioner's contention that respondent lacks authority to examine petitioner's books and records is also without merit. Under section 7602(a), respondent may examine the books, records, papers, or other data as are relevant or material to the examination or preparation of a taxpayer's return. In his petition, *592 petitioner claimed that the notice of deficiency is invalid because he did not receive procedural prerequisites such as an audit or a 30-day notice before the notice of deficiency was issued. This Court does not look behind the deficiency notice to examine the Commissioner's motives or procedures in determining the deficiency. Boyer v. Commissioner, 69 T.C. 521, 544 (1977); Crowther v. Commissioner, 28 T.C. 1293, 1301 (1957), affd. on this issue 269 F.2d 292 (9th Cir. 1959). Petitioner has his statutory legal right to petition this Court and contest the amount of taxes determined. Accordingly, the notice of deficiency is not invalid on such grounds. Respondent's deficiency determination in the statutory notice of deficiency is presumed to be correct. Petitioner must prove by a preponderance of the evidence that respondent's determination is in error. Welch v. Helvering, 290 U.S. 111, 115 (1933); Rule 142(a). We note that petitioner admitted having received income, but alleges that his income is irrelevant. Petitioner*593 has made no effort to deny the respondent's determination, or to produce any testimony or evidence to support a redetermination. He has only raised tax protester-type arguments and a failed statute of limitations theory. Accordingly, we grant respondent's motion for judgment on the pleadings and sustain respondent's determination of tax and additions to tax. Imposition of a Penalty under Section 6673Also before us is respondent's motion for damages (now called a penalty) under section 6673. Section 6673 is a penalty designed to deter taxpayers from raising frivolous or groundless claims for purposes of delay. Sauers v. Commissioner, 771 F.2d 64, 69 (3d Cir. 1985). For positions taken before 1990, section 6673 enables this Court to award damages up to $ 5,000 where the proceedings instituted by the taxpayer are primarily for delay, where the taxpayer's position is frivolous or groundless, or where the taxpayer unreasonably fails to pursue available administrative remedies. Sec. 6673(a); Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988),*594 affg. T.C. Memo. 1987-225; Hansen v. Commissioner, 820 F.2d 1464 (9th Cir. 1987); Brock v. Commissioner, T.C. Memo. 1990-197. For positions taken after December 31, 1989, in proceedings which are pending on, or commenced after such date, the Court may award a penalty not in excess of $ 25,000 in these cases. Sec. 6673(a)(1); Singer v. Commissioner, T.C. Memo. 1990-222. It appears to the Court that each of the reasons set forth in section 6673(a)(1) for applying sanctions is applicable in this case. On the basis of the entire record, we conclude that petitioner instituted this case primarily for delay. Petitioner also persistently took frivolous and groundless positions, while refusing to offer any evidence to disprove any of the issues raised by the notice of deficiency. He has not cooperated in the preparation of this case for trial. Under these circumstances, we grant respondent's motion and require petitioner to pay to the United States a penalty in the amount of $ 1,000. An appropriate order and decision will be entered.