T.C. Memo. 2013-99

UNITED STATES TAX COURT

ESTATE OF NEIL DAVID BROURMAN, DECEASED, STEVEN N.
BROURMAN, TRUSTEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 888-12.                       Filed April 10, 2013.

<u>Hillel Chodos</u> and <u>Herbert D. Sturman</u>, for petitioner.

<u>Alexander D. DeVitis</u> and <u>Katherine Holmes Ankeny</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and petitioner's motion for summary judgment. Respondent has moved to dismiss the petition for lack of jurisdiction, urging that a prior assessment of estate tax eliminates any "deficiency" over which this Court

[*2] could have jurisdiction. Petitioner contends that the prior assessment was invalid and hence contends that a proposed "deficiency" exists within the meaning of section 6211(a).[1] However, petitioner asserts that respondent's notice of deficiency is insufficiently detailed and is thus invalid under section 7522. Because the statute of limitations would now bar the issuance of a revised notice of deficiency, petitioner moves for summary judgment.

We agree with petitioner that the prior assessment was invalid and hence will in a separate order deny respondent's motion to dismiss. We agree with respondent that the notice of deficiency is valid and accordingly will deny petitioner's motion for summary judgment. We conclude that we have jurisdiction to hear this case on the merits, and the case will therefore proceed in due course to trial or other disposition.

Background

Neil David Brourman (decedent) died on October 5, 2007, a resident of California. His will was probated in the County of Los Angeles, California. The trustee of his estate, Steven N. Brourman, likewise resides in California.

---

[1]All section references are to the Internal Revenue Code of 1986 as amended and in effect for the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** On January 5, 2009, the trustee filed a Federal estate tax return on Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, adding the word "Estimated" at the top of the form. This return reported a gross estate of $13,810,000, tentative deductions of $550,000, and a tentative tax and balance due of "UNKNOWN." On an attachment to Schedule M, Bequests, etc., to Surviving Spouse, the return indicated that litigation was pending between the estate and decedent's surviving spouse, whom his will had attempted to disinherit. Because the outcome of this litigation was uncertain, the return stated that the marital deduction (if any) to which the estate might be entitled was not currently ascertainable, thus preventing any calculation of the estate tax due.

Six weeks later, on February 23, 2009, respondent assessed $5,067,000 of estate tax against the estate. The estate objected to this assessment on March 23, 2009, noting that its litigation against the surviving spouse continued to prevent determination of the estate tax. This litigation was settled in May 2009, and the estate thereafter filed two amended estate tax returns, both reporting zero tax due. Respondent audited these returns and determined that the estate's correct tax liability was $2,322,486. Respondent accordingly abated $2,744,514 of the previous assessment, leaving an assessment of $2,322,486.

**[*4]** The estate requested that respondent issue a notice of deficiency so that the proposed deficiency could be litigated in this Court. On December 16, 2011, respondent timely issued a notice of deficiency, determining a deficiency of $2,322,486, and on January 10, 2012, the estate's petition was timely filed. In his answer, filed March 16, 2012, respondent stated that the notice of deficiency was issued as a protective measure in the event that the prior assessment is determined to have been invalid.

## Discussion

Section 6211(a) defines a "deficiency" as the amount by which the correct amount of tax exceeds "the amounts previously assessed." Noting that the deficiency in tax determined in the notice of deficiency, $2,322,498, exactly matches the previous assessment as abated, respondent contends that there is no "deficiency" over which this Court has jurisdiction. The persuasiveness of this contention hinges on the validity of respondent's prior assessment.

Section 6201(a)(1) authorizes the Secretary to "assess all taxes determined by the taxpayer." Such an assessment, often called a "summary assessment," presupposes an amount of tax shown on a tax return. "The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown." Sec. 301.6203-1, Proced. & Admin Regs. Where a taxpayer

**[*5]** shows an amount of tax on a return but does not admit that this tax is due, it is the amount that the taxpayer admits to be due that is assessable. Paccon, Inc. v. Commissioner, 45 T.C. 392, 395 (1966); Moir v. Commissioner, 3 B.T.A. 21, 22 (1925). The taxpayer must agree that an amount of tax shown on the return is due before a summary assessment is proper. Where there is no tax shown as due on a return, the Commissioner may not make an assessment but must proceed by issuing a notice of deficiency. Penn Mut. Indem. Co. v. Commissioner, 277 F.2d 16 (3d Cir. 1960), aff'g 32 T.C. 653 (1959).

The estate did not self-assess any tax on its return filed January 5, 2009, nor did it admit that any estate tax was due. Quite the contrary: it reported that the amount (if any) of its estate tax liability was unknown because the amount (if any) of its marital deduction was not yet ascertainable. Thus, respondent was not authorized by section 6201(a)(1) to make a summary assessment of tax shown on a return.

In the alternative, respondent contends that his February 2009 assessment was authorized as an assessment arising out of a mathematical error. Section 6213(b)(1) provides that the Commissioner may assess "an amount of tax in excess of that shown on the return" where the additional tax arises "on account of a mathematical or clerical error appearing on the return." A "mathematical or

[*6] clerical error" is defined to include, among other things, "an error in addition, subtraction, multiplication, or division shown on any return" and "the incorrect use of any table provided by the * * * [Commissioner] * * * if such incorrect use is apparent from the existence of other information on the return." Sec. 6213(g)(2)(A) and (B). Where an error is not obvious on the face of the return and there is nothing in the return that makes a miscalculation apparent, the error (if any) is not a mathematical error subject to assessment but is a substantive error subject to ordinary deficiency procedures. See, e.g., Adler v. Commissioner, 85 T.C. 535, 542 (1985).

Respondent argues that the assessment was authorized by section 6213(b)(1) as the correction of a mathematical error on the theory that the January 2009 return "contained all the information necessary to calculate petitioner's tax liability, but failed to correctly use a table provided by respondent in the instructions to Form 706." We reject this argument. There is no mathematical error appearing on the face of the return because the return did not determine any tax due. The estate reported its tax as unknown, not because it "failed to correctly use a table," but because the amount of its marital deduction was unascertainable owing to the pendency of litigation. Because the amount of the marital deduction

**[*7]** was reported as not ascertainable, the return plainly did not contain "all the information necessary to calculate petitioner's tax liability."

We conclude that the February 2009 assessment was authorized neither as a summary assessment of tax shown on a return nor as an assessment arising out of a mathematical or clerical error. Respondent has identified no other statutory provision that could authorize this assessment. The assessment was therefore invalid; a proposed "deficiency" of $2,322,486 exists within the meaning of section 6211(a); and respondent's motion to dismiss accordingly will be denied.

The estate concedes that the notice of deficiency was timely issued and complies with section 6212 in all relevant respects. But it asserts that the notice is invalid because it fails to comply with section 7522. Because the statute of limitations would now bar the issuance of a revised notice of deficiency, the estate moves for summary judgment. We may grant summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).

Section 7522(a) provides that a notice of deficiency "shall describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice." It further

**[\*8]** provides that "[a]n inadequate description under the preceding sentence shall not invalidate such notice."

Respondent's notice of deficiency, which is 15 pages long, identifies the determined deficiency, $2,322,486, and the additions to tax due, zero. It describes the basis for the deficiency by identifying nine specific adjustments to various line items and deductions on the estate tax return. The estate's objection to the notice appears to stem from the fact that respondent computed these adjustments by reference to amounts appearing on the original estimated Form 706 rather than to amounts appearing on the amended returns. However, this action by respondent did not violate section 7522, and, even if it did, that would not invalidate the notice of deficiency. Petitioner's motion for summary judgment is accordingly without merit.

On the record before us, we will deny both petitioner's motion for summary judgment and respondent's motion to dismiss for lack of jurisdiction.

<u>Appropriate orders will be issued</u>.