STANLEY A. ANDERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16492. Promulgated November 23, 1948.

*Hartford Allen, Esq.,* and *John E. Mahoney, Esq.,* for the respondent.

OPINION.

OPPER, *Judge*: The petition purports to challenge a deficiency in income tax said to have been determined for the year 1943 in the amount

of $1,097.08. Petitioner filed the return here involved with the collector for the fifth district of New Jersey.

Although neither petitioner nor anyone representing him appeared to prosecute the case, a hearing was had, and upon the evidence so taken respondent filed a motion to dismiss the proceeding for lack of jurisdiction.

The records of the office of the collector of internal revenue for the fifth district of New Jersey in respect to income and estimated tax of petitioner for the years 1942 and 1943 indicate the following:

| 1. Taxable Period | 2. List and Year | 3. Acct. No. or Page and Line | 4. Amount Assessed | Paid, Abated, or Credited | | | 8. Adjustment of Overassess. |
| | | | | 5. Date or Schedule No. | 6. Amount | 7. Paid Ab. Cr. | |
|---|---|---|---|---|---|---|---|
| 1942 | 1943 | 706442 | 488.90 | 3/15/43 | 488.90 | Pd. | |
| 1943 | 1943 | 3066262 | 2,603.28 | 9/15/43 | 2,603.28 | Pd. | |
| ES | | 7007679 | 6,476.43 | 12/15/43 | 6,476.43 | Pd. | |
| 1943 | 1944 | NA-770007 | | 2/12/45 | 1,586.22 | Refund | |
| | | | | | 71.01 | Int. | |
| | | | | | 1,657.23 | | |
| 1943 | 1946 | Mar-15 | 656.41 | | | | 1040-770007 Int. to Feb. 25, 1946. |
| | | 519000 Int. | 76.56 | 4/9/46 | 732.97 | Pd. | |

No record of claims for refund.
Payment of $1100.00 received May 17, 1946 for 1942-43 additional tax, deposited in unclassified account January 500078-1947 L.

Petitioner made net payments of $9,738.80 on his 1943 income and victory tax liability of $9,735.74, as computed under the Current Tax Payment Act of 1943, all of which was paid prior to August 20, 1947. A letter bearing that date, purporting to determine a deficiency of $1,097.08 [1] in petitioner's income and victory tax for the year 1943, and determining that his total income and victory tax liability for that year was, as above stated, $9,735.74, was sent to petitioner and received by him.

On November 18, 1947, he filed a petition with this Court, seeking a redetermination of the deficiency asserted to have been so determined.

On December 15, 1947, respondent filed an answer to the petition.

On these facts, the question is as to our jurisdiction. As we said in *Everett Knitting Works*, 1 B. T. A. 5, 6:

\* \* \* The statute gives the taxpayer the right to appeal to the Board in cases where there is a statutory deficiency \* \* \*

Evidently the amount previously collected must be subtracted from the amount of tax imposed by the statute in order to arrive at the statutory deficiency \* \* \*

\* \* \* Payment has already been made and there is nothing upon which the determination of the Board can effectively operate. The taxpayer has now, as

[1] The assumed deficiency of $1,097.08 fails to take into account the $1,100 paid on May 17, 1946.

he has heretofore had, a right of action in court to recover any amount erroneously collected.

Since, on the date of the mailing of the letter purporting to be a notice of deficiency, it appears that the tax there involved had already been paid, it must be held that the letter was not a valid notice of deficiency within the definition of the Internal Revenue Code. See Internal Revenue Code, section 271 (a). The inescapable prerequisite of our jurisdiction is consequently lacking. Cf. *Will County Title Co.*, 38 B. T. A. 1396. Accordingly, notwithstanding the failure of petitioner to appear at the hearing and his default in prosecution of this appeal, this

*Proceeding is dismissed for lack of jurisdiction.*