ROSS BOWMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20619.   Promulgated October 11, 1951.

*Joe A. Roddy, Esq.*, for the petitioner.
*Homer F. Benson, Esq.*, for the respondent.

LEECH, *Judge:* The first question presented is whether this Court is without jurisdiction to redetermine petitioner's tax liability for the year 1943. As set out in our findings, respondent determined a deficiency for that year from which petitioner failed to appeal to this Court within the statutory time, and such deficiency was assessed but appears to have been unpaid. Approximately one year later respondent, by statutory deficiency notice mailed to petitioner, determined deficiencies for 1942 and an additional deficiency for 1943. Petitioner has filed his timely petition here, contesting the deficiencies asserted for each of these taxable years. This the petitioner unquestionably had a legal right to do, and upon the filing of this petition this Court acquired jurisdiction as to each of these taxable years. Sec. 272 (a) (1) and (f), I. R. C.; *Wilburn Smith*, 18 B. T. A. 289; *Lewis E. Smoot*, 25 B. T. A. 1038.

Upon the hearing of this proceeding, counsel for the respondent asked to cancel and withdraw the additional deficiency asserted for the year 1943, as made in error, and here takes the position that this action deprives this Court of jurisdiction to consider that taxable year. There is no question but that respondent has the right to confess error here as to the assertion of a deficiency for the year 1943, but under such circumstances the action of this Court would necessarily be the entry of a decision of no deficiency, which would result in the determination of an overassessment in the amount of the deficiency previously asserted for that year. To avoid this, respondent seeks to secure a dismissal of the action as to 1943 for lack of jurisdiction.

Having unquestionably obtained jurisdiction for 1943, this Court may not be ousted from that status by action of the respondent nor deprived of its right to enter a final decision with respect to the petitioner's tax liability for that year. The reason for this rule is clear. A litigant in a matter before a court of competent jurisdiction who brings the other party into court is entitled to an ultimate judgment, and the opposing party cannot defeat the jurisdiction of the court by a waiver or disclaimer on his part. The rule is aptly stated by the Supreme Court in the case of *Last Chance Min. Co.* v. *Tyler Min. Co.*, 157 U. S. 683, in which it is said:

* * * When an action has been instituted in the court to determine such a controversy, it is not within the competency of the defendant to take himself out of court. A defendant may withdraw his answer and thus let judgment go by default, but he does not thereby deprive the court of a jurisdiction which has been once established. The rule applicable here is no different from that which

applies in any other case. When a defendant has by personal service or appearance once been brought into a court, having jurisdiction of the subject-matter, he cannot at his election oust the court of jurisdiction, or prevent the case from passing to judgment. Whether he confesses plaintiff's right or defaults in answer, or files a denial or a disclaimer, is alike immaterial. In each and all of these cases the jurisdiction remains and the court may enter the appropriate judgment. Where the defendant simply withdraws his answer, as was this case, the court is under no obligations to inquire whether he has lost all interest, but may proceed to judgment, and its judgment is an adjudication of the rights of the plaintiff, as shown by the complaint and testimony. * * *

Respondent cites in support of his contention the case of *Stanley A. Anderson*, 11 T. C. 841, which has no application here. There a deficiency was asserted by the respondent and paid and satisfied by the taxpayer, and subsequent thereto the latter decided to file a petition with this Court. At the time this petition was filed no deficiency was being asserted by the respondent against the taxpayer, and the petition there was no more in fact than a claim for refund, of which we had no jurisdiction. In the present case, at the time of the filing of the petition a deficiency was being asserted by respondent against the petitioner, and the filing by petitioner of the petition in this case contesting such deficiency unquestionably gives us jurisdiction under the statute. Respondent's motion to dismiss the proceeding as to 1943 is denied.

The remaining issue is whether or not the petitioner understated the amount of profit realized by him on the sale of liquor for each of the years 1942 and 1943. He testifies positively that the proceeds from all retail sales of liquor from his store were recorded on his cash register and the full amount thereof deposited in bank, and that, in addition, there was recorded on his cash register the profit realized in certain so-called cash purchases he made with funds furnished to him by customers for delivery of liquor to them, not out of his stock but from wholesale dealers from whom he procured it with the money furnished.

It is perfectly true that the petitioner could have kept a more detailed record had he made and kept an individual sales slip for each sale of liquor showing the amount sold and the price received. However, with the records maintained by petitioner, the parties are able to determine definitely the full amount of liquor purchased and sold, and the disagreement is wholly upon the amount of profit reported by petitioner. It is agreed that petitioner has reported the full amount of his bank deposits as gross income and has computed his net income upon this basis, so the matter comes down to a question mainly as to the truth of petitioner's testimony, since it is perfectly evident that in the case of any small business operated on a cash basis the profit, even with exact records, rests for its accuracy upon the honesty of the proprietor.

In the audit of petitioner's returns, from which these deficiencies arise, there seems to have been no effort made nor is there any contention here for computing income upon the basis of an increase in net worth over the years in question, and there are no facts of expenditures by the petitioner in the record in amounts in excess of the income reported by him during these years together with capital possessed by him prior thereto.  Upon careful consideration of the record it appears quite evident to us that the results arrived at by the revenue agents in their investigation of petitioner's returns are in error.  The increase in reported income arises first through a refusal to accept the evidence that petitioner had made cash purchases and sales at wholesale on which he had realized a profit of from 25 cents to $1.50 a case.  The fact that petitioner made such purchases and sales is established to our entire satisfaction by the record.  Petitioner's testimony as to these sales and the profit realized is supported by the testimony of other witnesses which we cannot disregard.  The general fact that he did make sales of this character is supported by his plea of guilty, payment of a fine on prosecution for having done this very thing.  The revenue agents were manifestly in error in computing a profit upon these sales in the amount of 25 per cent over cost in the year 1942 and 33⅓ per cent for the year 1943.  We think they are manifestly in error in applying this same percentage of profits arbitrarily to all the sales by petitioner of liquor from his stock during those years.

Petitioner's location was a bad one for carrying on a retail liquor business, and his customers were not those from whom the highest price could be exacted if business was to be done.  Others in the liquor business in Chattanooga during these years have testified that it was impossible for petitioner to have made the percentage of profit which has been used in recomputing his net income as a basis for the deficiencies.

We think the facts demonstrate affirmatively that respondent's determination is in error.  No facts were established from which we could determine that any portion of the increased income was justified.  The determination seems to have been predicated largely upon the fact that the schedules attached to petitioner's returns for the years in question did not include in inventory the amounts of cash purchases in each year from the wholesale liquor dealers.  We think the explanation of this by petitioner and his accountant is reasonable.  These purchases were made not with petitioner's funds but from funds of his customers.  Delivery was taken immediately by the customers and the liquor purchased was not taken into petitioner's stock.  The testimony of the accountant employed by petitioner to prepare his return is clear and there is no basis in the record discrediting the testimony or the character of this witness.

The determination of the respondent having been shown to be in error, the presumption of correctness in respect thereto passes out and the burden is upon respondent to establish by evidence an understatement of income. *Helvering* v. *Taylor*, 293 U. S. 507. We cannot find such evidence and we cannot disregard the positive testimony supporting the accuracy of the amount of income reported by the returns.

We, therefore, conclude that there is no deficiency for the year 1942 or 1943. The penalties asserted fall with the deficiencies.

*Decision will be entered for the petitioner.*