Julius Bendheim v. Commissioner.
Bendheim v. Commissioner
Docket No. 34266.
United States Tax Court
1953 Tax Ct. Memo LEXIS 192; 12 T.C.M. (CCH) 723; T.C.M. (RIA) 53226; June 29, 1953
*192 Harry Silverson, Esq., 15 Broad Street, New York, N. Y., for the petitioner. Mason B. Leming, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: This case is presently before the Court on the respondent's motion to dismiss for lack of jurisdiction. The facts have been stipulated and are found as stipulated. For 1943, $969 was withheld by the petitioner's employer as income and victory tax of petitioner. Also, the petitioner paid amounts aggregating $5,096 on account of his declaration of estimated tax for that year. He filed an income and victory tax return for the calendar year 1943, which disclosed no income or victory tax liability. The amount which had been withheld by his employer and the amounts of estimated tax paid by petitioner, aggregating $6,065, were refunded to petitioner on or about March 2, 1945. On or about March 17, 1947, the internal revenue agent in charge for the Upper New York Division notified the petitioner he was proposing a deficiency in income tax for 1943 against him in the amount of $17,582.87. Within the thirty-day period prescribed in the above letter of March 17, 1947, the petitioner filed a protest to the proposed *193 deficiency. At no time did the petitioner file any formal waiver, under section 272 (d) of the Internal Revenue Code, of the restrictions provided in section 272 (a) of the Code on the assessment and collection of the whole or any part of the deficiency proposed in the letter of March 17, 1947. But on May 25, 1950, he transmitted to the collector of internal revenue for the third district of New York the sum of $24,000 for purposes as set forth in his letter of that date, which letter reads as follows: "I enclose herewith my check to your order in the sum of $24,000.00 representing payment of personal income tax for the calendar year 1943 in the amount of $17,500.00, and interest thereon at the rate of 6% per annum in the sum of $6,500.00. "I would appreciate your stamping the copy of this letter as my receipt." On February 15, 1951, the respondent mailed a letter to the petitioner, which letter was in the form of a notice of deficiency in income tax for 1943, in the amount of $17,432.29, all of which had previously been included and covered in the March 17, 1947 letter of the internal revenue agent in charge and which was also covered by the payment *194 made by the petitioner in his letter of May 25, 1950. On the basis of the letter of February 15, 1951, the petitioner, on May 14, 1951, filed his petition herein. The respondent has filed a motion to dismiss this proceeding for the reason that the tax covered in the letter of February 15, 1951, had been paid prior thereto and that the said letter did not constitute a valid notice of deficiency. On the facts, this case is not distinguishable from that in Stanley A. Anderson, 11 T.C. 841. In that case we said: "Since, on the date of the mailing of the letter purporting to be a notice of deficiency, it appears that the tax there involved had already been paid, it must be held that the letter was not a valid notice of deficiency within the definition of the Internal Revenue Code. See Internal Revenue Code, section 271 (a). The inescapable prerequisite of our jurisdiction is consequently lacking. * * *" On authority of the Anderson case, we accordingly conclude and hold that we are without jurisdiction herein and the proceeding will accordingly be dismissed for lack of jurisdiction. An order will be entered in accordance herewith.