EDWARD J. BRENNAN, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brennan v. Commissioner
Docket No. 10373-75.
United States Tax Court
T.C. Memo 1977-244; 1977 Tax Ct. Memo LEXIS 202; 36 T.C.M. (CCH) 1001; T.C.M. (RIA) 770244; July 27, 1977, Filed *202 Respondent notified petitioner of proposed adjustments to his 1973 Federal income taxes. Although petitioner disagreed with the adjustments, on June 17, 1975, he paid the proposed amount due. On July 16, 1975, respondent issued a purported notice of deficiency showing no additional tax due. Held, petitioner cannot invoke the jurisdiction of this Court to redetermine his income tax liability unless the Commissioner has issued a valid notice of deficiency. Since the tax involved was paid prior to the issuance of the purported notice of deficiency, there was no deficiency, and hence, no valid notice of deficiency. Therefore, this Court has no jurisdiction to redetermine petitioner's income tax liability. Edward J. Brennan, Jr., pro se. James E. Keeton, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This case is before us on respondent's Motion To Dismiss For Lack Of Jurisdiction. During 1974, respondent audited petitioner and his wife's jointly filed 1973 Federal income tax return. In May 1975, petitioner was sent a report proposing adjustments to the 1973 income tax liability. The effect of these adjustments was to increase petitioner's reported 1973 income tax liability of $1,229.00 by $577.68 to $1,806.68. Although petitioner expressed disagreement with respondent's proposed adjustments, on June 17, 1975, he paid the proposed additional income tax liability. Subsequently, on or about July 16, 1975, respondent mailed to petitioner, at his Ontario, Canada, address a purported notice of deficiency consisting of a Form L-21B(10) and a Form 4089. Form L-21B(10) commences, "This letter is a NOTICE OF DEFICIENCY * * *." In the upper right hand corner of Form L-21B(10), is the statement, "Tax Year Ended and Deficiency: *204 12-31-73 $577.68." Form 4089, attached to the Form L-21B(10), is a "Statutory Notice Statement-Waiver." This form indicates the following: Statutory Deficiency
$577.68
Less: Advance Payment Received
577.68
Additional Tax Due
0 On December 1, 1975, petitioner mailed his petition to this Court. Based on these facts we are to decide whether petitioner received a valid notice of deficiency with which he could properly invoke this Court's jurisdiction. For purposes of redetermining income taxes, the jurisdiction of this Court depends on the issuance by the Commissioner of a notice of deficiency. Rule 13(a), Tax Court Rules of Practice and Procedure; sec. 6213(a). [1] As defined by section 6211(a), "deficiency" means the amount by which the tax imposed * * * exceeds the excess of-- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return * * * plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over-- (2) the amount of rebates * * * made. Petitioner's 1973 income tax return reported *205 a tax liability of $1,229.00. Subsequently, on June 17, 1975, petitioner paid and respondent collected without assessment, an additional $577.68. Petitioner has received no rebates for 1973. The effect of these payments is that when respondent issued his purported notice of deficiency on July 16, 1975, no taxes were due; there existed no deficiency. Although Form L-21B(10) indicated a deficiency of $577.68 for 1973, the attached Statutory Notice Statement, Form 4089, explaining the purported deficiency, clearly states that no additional tax was due. Under these facts, the longstanding rule, stated in Anderson v. Commissioner,11 T.C. 841, 843 (1948), applies: Since, on the date of the mailing of the letter purporting to be a notice of deficiency, it appears that the tax there involved had already been paid, it must be held that the letter was not a valid notice of deficiency within the definition of the Internal Revenue Code. * * * The inescapable prerequisite of our jurisdiction is consequently lacking. Since the tax involved had already been paid when the purported notice of deficiency was mailed, the notice of deficiency was not valid. Therefore, this *206 Court has no jurisdiction. Walsh v. Commissioner,21 T.C. 1063, 1067 (1954). To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, statutory references are to the Internal Revenue Code of 1954, as amended.↩