CHARLES DOUGLAS REESE AND MARY KHALILIAN-REESE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reese v. Commissioner
Docket No. 19571-94
United States Tax Court
T.C. Memo 1995-244; 1995 Tax Ct. Memo LEXIS 247; 69 T.C.M. (CCH) 2814; June 5, 1995, Filed *247 An order of dismissal and decision will be entered. For respondent: Diane K. Barr and Paul L. Dixon. DAWSON, ARMEN
DAWSON; ARMEN
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed pursuant to Rule 40. Petitioners resided in Las Vegas, Nevada, at the time the petition was filed in this case. Respondent's Notices of Deficiency
By separate notices, each dated August 2, 1994, respondent *248 determined deficiencies in, and additions to, petitioners' Federal income taxes for the taxable year 1992 as follows: Charles Douglas Reese
Additions to tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654
1992
$ 10,193
$ 2,455
$ 428
Mary Khalilian-Reese
Additions to tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654
1992
$ 8,084
$ 1,401
$ 232
As to petitioner Charles Douglas Reese, the deficiency in income tax (including self-employment tax) is based on respondent's determination that the petitioner failed to report on an income tax return for the taxable year 1992: (1) Wages in the amount of $ 10,544; (2) retirement income from the U.S. Department of Defense in the amount of $ 12,704; (3) interest income in the amount of $ 76; (4) nonemployee compensation in the amount of $ 17,223; and (5) other income in the amount of $ 2,000. The addition to tax under section 6651(a)(1) is based on respondent's determination that petitioner's failure to file a timely income tax return for 1992 was not due to reasonable cause. The addition to tax under section 6654(a) is based on respondent's determination that petitioner failed to pay the requisite estimated income *249 tax for the year in issue. As to petitioner Mary Khalilian-Reese, the deficiency in income tax (including self-employment tax) is based on respondent's determination that the petitioner failed to report on an income tax return for the taxable year 1992: (1) Wages in the amount of $ 21,087; (2) retirement income in the amount of $ 6,352; (3) interest income in the amount of $ 76; (4) nonemployee compensation in the amount of $ 9,032; and (5) other income in the amount of $ 2,000. The addition to tax under section 6651(a)(1) is based on respondent's determination that petitioner's failure to file a timely income tax return for 1992 was not due to reasonable cause. The addition to tax under section 6654(a) is based on respondent's determination that petitioner failed to pay the requisite estimated income tax for the year in issue. Petitioners' Petition and Amended Petition
Petitioners filed an imperfect petition for redetermination on October 24, 1994. Accordingly, on October 26, 1994, the Court issued an Order directing petitioners to file a proper amended petition by December 27, 1994. On December 28, 1994, petitioners filed an amended petition disputing the deficiencies *250 (but not the additions to tax) that were determined by respondent in the above-described notices of deficiency. Petitioners filed their amended petition using a petition form furnished by the Court. Paragraph 4. of the amended petition provides in its entirety as follows: We filed an IRS 1040NR return before said deficiency was mailed. We would like to resolve this in court. [2]
Each petitioner signed the amended petition and inserted immediately above his or her signature the following citation: "UCC 1-207". [3]
*251 Respondent's Rule 40 Motion and Subsequent Developments
On January 23, 1995, respondent filed pursuant to Rule 40 the Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted. In her motion respondent contends, inter alia, that the amended petition includes "no allegations of justiciable error as to the adjustments to taxable income made by the respondent." On January 26, 1995, the Court issued an Order directing petitioners to file a second amended petition on or before February 16, 1995. In particular, the Court directed that the second amended petition should set forth with specificity each error allegedly made by respondent in the determination of the deficiencies and separate statements of every fact upon which the assignments of error are based. Petitioners failed to comply with the foregoing Order. Accordingly, on February 17, 1995, the Court issued an Order calendaring respondent's motion to dismiss for hearing at a Motions Session on March 15, 1995. In the same Order the Court also extended the time within which petitioners were to file a second amended petition. On March 13, 1995, petitioners filed a Motion For Time in which they requested *252 a 60-day extension "to procure proper legal counsel according to the 6th Amendment" and to "resubmit [an] Amended Petition." The motion concluded as follows: "It should be obvious to the court, by looking at the enclosed copy of the previously submitted petition, that I need the time to file a properly Amended Petition." Although a copy of an amended petition was attached to petitioners' motion, it was not a copy of the amended petition previously filed by petitioners on December 28, 1994, but rather an entirely different amended petition. [4]
*253 By Order dated March 13, 1995, the Court granted petitioners' foregoing motion by extending the time (although not for 60 days) within which petitioners were to file a second amended petition and by continuing the hearing on respondent's motion to dismiss. Petitioners did not comply with the Court's Order dated March 13, 1995, by filing a second amended petition. Rather, on April 7, 1995, petitioners submitted a document entitled "Motion For Withdrawal", which the Court filed as their Motion to Dismiss. This motion was denied on April 10, 1995. Respondent's motion to dismiss was called for hearing in Washington, D.C., on April 19, 1995. Counsel for respondent appeared at the hearing and presented argument on her motion. Petitioners did not appear at the hearing, nor did they file a written statement pursuant to Rule 50(c). [5]
*254 Copies of the Forms 1040NR that petitioners referenced in their amended petition filed December 28, 1994, were furnished to the Court. These forms, one executed by petitioner Charles Douglas Reese and the other by petitioner Mary Khalilian-Reese, had been submitted to respondent in September 1994. Form 1040NR is a U.S. Nonresident Alien Income Tax Return. The Form 1040NR filed by petitioner Charles Douglas Reese states, inter alia: (1) During the taxable year 1992, petitioner was a citizen or national of the country of "Nevada, USA"; that (2) petitioner was never a United States citizen; and that (3) petitioner claims the benefits of a United States income tax treaty with the foreign country of "Nevada". Petitioner also attached a statement to the Form 1040NR, which provided, in part and as literally reproduced, as follows: 1. I was not a U.S. citizen subject to its [exclusive] jurisdiction so as to be liable to the tax process of the local government of the state, "United States," dictated by the local sovereign, the United States. (See Subtitle A, Title 26, USC). I derived no income from within the state, "United States," so as to have taxable income. * * * 3. *255 I was not a nonresident alien in the United States so as to be subject to the sovereignty of the United States * * *. * * * 5. Please be advised that for the year in question, I was paid the following amounts from the sources shown: a) $ 12,704.88 in pension in payment of consideration for services rendered as a member of the armed forces of the United States of America, not as a result of being engaged in a U.S. "trade or business" in the "United States." b) approximately $ 16,382 in pay or compensation for personal services performed entirely within Nevada, USA, an entity foreign to the state "United States;" therefor, not subject to its jurisdiction. As a natural born entity of Tennessee, USA, I am a fully qualified Citizen of the United States of America possessing all rights and immunities guaranteed by the Constitution for the United States. 6. You are hereby given notice that I am excluding the above noted pay or compensation or receipt of payments from the tax processes of Title 26, USC, pursuant to the purposes of Section 911, Title 26, USC, to wit: " a qualified Citizen of the united States, at his election, may exempt and exclude his foreign earned income." *256 7. * * * I further certify that I have never been a U.S. citizen subject to its jurisdiction, nor have I been within the states, "United States," for any of the three years preceding this reporting year.
The Form 1040NR submitted by petitioner Mary Khalilian-Reese generally resembles the previously-described Form 1040NR except that she did not claim the benefits of a United States income tax treaty with a foreign country. The paragraphs quoted above also appear in the Form 1040NR submitted by the petitioner, except that the "Please be advised" paragraph reads as follows: 5. Please be advised that for the year in question, I was paid the following amounts from the sources shown: a) $ 21,087.23 received as a nonresident alien or foreign entity for personal services for the armed forces of the United States of America without the "United States," not as a result of being engaged in a U.S. "trade or business" in the "United States." b) Received approximately $ 32,416.00 in gift from Jessie P. Hooten, father, as beneficiary of non U.S. property. As a natural born entity of North Carolina, USA, I am a fully qualified Citizen of the United States of America possessing all *257 rights and immunities guaranteed by the Constitution for the United States.
Discussion
Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1); 123(b). *258 In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646, 658 n.19 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). The petition and amended petition filed in this case do not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Petitioners' various other documents, which provide a basis upon which we can further evaluate the petition and amended petition filed herein, contain nothing but tax protester rhetoric and legalistic gibberish, as demonstrated by the passages from those documents that we have quoted above. See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); *259 McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). The Court's Orders dated January 26, 1995, February 17, 1995, and March 13, 1995, provided petitioners with opportunities to assign error and allege specific facts concerning their liability for the taxable year in issue. Unfortunately, petitioners failed to respond properly to the Court's orders. Rather, petitioners elected to continue to proceed with time-worn tax protester rhetoric. See Abrams v. Commisioner, supra; Rowlee v. Commisioner, supra; McCoy v. Commissioner, supra; Karlin v. Commissioner, T.C. Memo. 1990-496. We see no need to catalog petitioners' contentions and painstakingly address them. We have dealt with many of them before. E.g., Nieman v. Commissioner, T.C. Memo. 1993-533; Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 43 F.3d 1391 (7th Cir. 1994). Moreover, as the *260 Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). The short answer to petitioners' arguments is that they are not exempt from Federal income tax or from the imposition of appropriate additions to tax. See Abrams v. Commissioner, supra at 406-407. Because petitioners' pleadings do not state a claim upon which relief can be granted, we shall grant respondent's motion to dismiss. See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984). We turn now, on our own motion, to the award of a penalty against petitioners under section 6673(a). As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $ 25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous *261 or groundless. The record in this case convinces us that petitioners were not interested in disputing the merits of either the deficiencies in income taxes or the additions to tax as determined by respondent in the notices of deficiency. Rather, the record demonstrates that petitioners regard this case as a vehicle to protest the tax laws of this country and espouse their own misguided views. A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioners' position, as set forth in the petition and amended petition and as amplified by their other documents, consists solely of tax protester rhetoric and legalistic gibberish. Based on well-established law, petitioners' position is frivolous and groundless. We are also convinced that petitioners instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed. We are unimpressed *262 with petitioners' efforts to dismiss their action during the latter stages of this proceeding. This Court has long held that once jurisdiction attaches, we may not permit the withdrawal of a petition without prejudice. Estate of Ming v. Commissioner, 62 T.C. 519, 524 (1974); Bowman v. Commissioner, 17 T.C. 681, 685 (1951); DeNicola v. Commissioner, T.C. Memo. 1984-479; see LTV Corp. v. Commissioner, 64 T.C. 589, 591 (1975); cf. In re Metropolitan Railway Receivership, 208 U.S. 90, 108 (1908). Moreover, by the time that petitioners filed their motion to dismiss, they had already, and needlessly, wasted substantial judicial resources. Under the circumstances herein a section 6673(a) penalty is warranted. In view of the foregoing, we will sua sponte exercise our discretion under section 6673(a)(1) and require each petitioner to pay a penalty to the United States in the amount of $ 1,000. Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; *263 Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984). To reflect the foregoing, An order of dismissal and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Later in this Opinion we shall describe the Forms 1040NR filed by petitioners.↩
3. We understand this citation to refer to section 1-207 of the Uniform Commercial Code. That section is entitled "Performance or Acceptance Under Reservation of Rights" and the current version thereof appears as Nev. Rev. Stat. sec. 104.1207↩ (1993).
4. The document is modeled after a standard Tax Court petition form and bears the photocopied signatures of petitioners and the date of Feb. 14, 1995. The document discloses petitioners' address as "Las Vegas, Nevada Republic". The five subparagraphs of paragraph four, reproduced literally and in their entirety, provide as follows: 4a: The Notice of Deficiency is issued in error as for the amounts and activities listed above, neither Petitioner was engaged in an internal revenue taxable activity under title 26 of the United States Code. The De Jur state Republic Citizens/Petitioners was induced by the IRS's fraudulent representations to file 1040 and 1040NR tax returns listing the above non-statutory fruits of labor for non-statutory title 26 activities. There is NO Code of Federal Regulation under part 1 of title 26 making Petitioners' liable for a title 26 tax. The IRS has failed to evidence a statute and implementing title 26 regulation making me liable for an internal revenue tax for said stated claims.
4b: The Internal Revenue Service is a corporate collection agent for the corporate Department of The Treasury. Petitioners have NO contract with the corporate Department of The Treasury. The IRS has failed to produce a contract. The Department of The Treasury has NOT provided any consideration to me and has NOT provided any performance of any nature to which I am indebted by an instrument in violation of the Uniform Commercial Code. 4c: Petitioner's declare under oath of penalty that they were each born a Citizen of a republic State of the Union of the United States of America, and are NOT United States citizens. That under 26 USC 871 and 26 CFR 1.871 Petitioner are Non-Resident Alien individuals. 4d: According to the Federal Register part 301 of title 26 in enforced and administered by the Bureau of Alcohol, Tobacco, and Firearms. The IRS is only to administer the internal revenue laws. And according to the parallel tables all the statutes, for assessment, deficiency, levy, lien, etc., are enacted only under and for title 27. The IRS has NO implementing Code of Federal Regulation under part 1 of title 26 permitting them to do any of these acts. 4e: The IRS has acted and it acting under the color of law in violation of Petitioners' Constitutional Rights. The IRC and title 26 regulations are 100% constitutional. The IRS MUST obey and follow the law and procedures of title 26. They have failed to do so. The IRS is fully aware of the foregoing facts.↩
5. The Court's Order dated March 13, 1995, as well as the Court's Order dated Feb. 17, 1995, specifically advised the parties of the applicability of Rule 50(c) providing for the submission of a written statement in lieu of, or in addition to, attendance at the hearing.↩