T.C. Memo. 1999-88


UNITED STATES TAX COURT


THOMAS GERALD ROOTS AND LINDA VESTA ROOTS, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14438-98.                    Filed March 23, 1999.


        Petitioners move to dismiss for lack of
jurisdiction on the grounds that (1) the primary
adjustment in the notice of deficiency is wrong and (2)
the period of limitations on assessment expired before
the notice of deficiency was issued.

        1. <u>Held</u>:  Neither of these matters goes to the
jurisdiction of this Court, and so petitioners' motion
to dismiss is denied.

        2. <u>Held</u>, <u>further</u>, treating petitioners' motion as
a motion for summary judgment on the limitations
question, there is a genuine issue of material fact (a
dispute about whether petitioners' purported signatures
on a Form 872 are genuine), and so petitioners are not
entitled to summary judgment.

Thomas Gerald Roots and Linda Vesta Roots, pro se.

Mark A. Weiner, for respondent.


MEMORANDUM OPINION

CHABOT, Judge:  This matter is before us on petitioners' motion to dismiss for lack of jurisdiction.  As indicated infra, we also consider whether petitioners are entitled to summary judgment.

We decide these matters on the basis of the parties' pleadings and motion papers.

Respondent determined a deficiency in Federal income tax and additions to tax under sections 6651(a)(1)[1] (failure to timely file tax return) and 6662(a) (negligence, etc.) against petitioners as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6662(a) |
| 1991 | $121,483 | $30,371 | $24,296 |

Background

When the petition was filed in the instant case, petitioners resided in Ventura, California.

Petitioners filed their 1991 tax return on March 27, 1993. A Form 872, extending to December 31, 1996, the time to assess

---

[1]  Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986, as in effect for the year in issue.

tax, was timely executed by petitioners on November 27, 1995, and by respondent on December 6, 1995. A second Form 872, extending to December 31, 1997, the time to assess tax, was timely executed by petitioners on October 15, 1996, and by respondent on October 24, 1996.

Respondent asserts that a third Form 872, extending to June 30, 1998, the time to assess tax was timely executed by petitioners on March 14, 1997, and by respondent on March 19, 1997. Petitioners deny having executed this Form 872. Indeed, they assert that "each of them, to the best of their knowledge and belief, [has] never been presented in any way, manner, shape, or form, with a request to extend the time of statute [sic] till 6/30/98."

Respondent sent a notice of deficiency to petitioners on June 5, 1998. Petitioners filed a timely petition from this notice of deficiency on August 25, 1998. It appears that the major item of dispute on the merits is whether $511,522 of gain on disposition of rental property is properly reportable for 1991, as respondent determined in the notice of deficiency, or for 1992, as petitioners contend.

## Discussion

Petitioners' motion to dismiss for lack of jurisdiction focuses on two matters, as follows: (1) The notice of deficiency erroneously determined that the income in question was reportable

for 1991 instead of 1992; and (2) the notice of deficiency was untimely because the period for assessment had expired on December 31, 1997, more than 5 months before the notice of deficiency was issued.

1. Jurisdiction

This Court's jurisdiction to redetermine a deficiency depends on respondent's sending a notice of deficiency to a taxpayer and that taxpayer's filing with this Court a timely petition that we redetermine the deficiency determined against that taxpayer in that notice of deficiency. See Normac, Inc. & Normac International v. Commissioner, 90 T.C. 142, 147 (1988), and authorities there cited. In the instant case, respondent did determine a deficiency against petitioners for 1991 income tax and additions to tax, and petitioners filed a timely petition, asking this Court to redetermine that deficiency and those additions to tax.

This Court is not deprived of jurisdiction even if respondent erred in one or more of the adjustments in the notice of deficiency. Jurisdiction depends on whether respondent determined a deficiency, not on whether respondent was correct. See, e.g., Bowman v. Commissioner, 17 T.C. 681, 685 (1951).

Also, in a deficiency dispute the assertion of the bar of the statute of limitations is an affirmative defense and not a jurisdictional matter. See Tapper v. Commissioner, 766 F.2d 401,

403 (9th Cir. 1985), affg. an order of this Court; Columbia Building, Ltd. v. Commissioner, 98 T.C. 607, 611 (1992).

Thus, this Court does not lose jurisdiction of the instant case whether or not petitioners are correct in their contentions that (1) the notice of deficiency's major adjustment is incorrect, and (2) the statute of limitations bars assessment of a deficiency. We have not found, sua sponte, any other basis for questioning this Court's jurisdiction in the instant case. See Normac, Inc. & Normac International v. Commissioner, 90 T.C. at 146.

As a result, we shall deny petitioners' motion to dismiss for lack of jurisdiction.

## 2. Summary Judgment

It is evident that the notice of deficiency (June 5, 1998) was issued more than 3 years after petitioners filed their tax return, March 27, 1993. Section 6501(a) prohibits assessment of a deficiency under these circumstances, unless there is an exception to the general period of limitations. Respondent's only response to petitioners' statute of limitations contentions is to rely on a chain of Forms 872. See sec. 6501(c)(4).

Because (1) the parties have "locked horns" on the statute of limitations issue in the course of dealing with petitioners' motion and (2) resolution of this issue in petitioners' favor would avoid the necessity of considering the instant case on the

merits, we have decided to treat petitioners' motion as a motion for summary judgment.

Under Rule 121(b), Tax Court Rules of Practice and Procedure, a motion for summary judgment shall be granted only if (1) there is no genuine issue as to any material fact and (2) a decision may be rendered as a matter of law. Petitioners, as the moving parties, have the burden of showing the absence of a genuine issue as to any material fact; that is, all doubts as to the existence of an issue of material fact must be resolved against the movant. See, e.g., Adickes v. Kress & Co., 398 U.S. 144, 157 (1970); Vallone v. Commissioner, 88 T.C. 794, 801 (1987).

Respondent contends that there is a Form 872, executed timely by petitioners and respondent, that extended to June 30, 1998, the time to assess tax. Petitioners contend that they did not execute that Form 872. This is a genuine issue. The matter of fact thus disputed appears to control the entire statute of limitations question; thus the fact disputed is a material fact. There is a genuine issue as to a material fact.

It follows that petitioners have failed to satisfy one of the requirements for summary judgment, and so summary judgment will not be granted to petitioners on the statute of limitations issue. Thus, petitioners' motion shall be denied, even if it is treated as a motion for summary judgment.

The instant case is set for trial on the merits at the June 21, 1999, trial session of this Court scheduled for Los Angeles. The statute of limitations issue has been raised, and so it is to be tried unless the parties settle this issue or settle the entire case.  If the parties fail to settle the matter, then they are admonished to (1) consider the effect of section 6064,[2] and (2) comply with the requirements of the Standing Pre-Trial Order as to expert witness reports.[3]

An appropriate order will be issued denying petitioners' motion.

---

[2]   SEC. 6064.  SIGNATURE PRESUMED AUTHENTIC.

The fact that an individual's name is signed to a return, statement, or other document shall be prima facie evidence for all purposes that the return, statement, or other document was actually signed by him.

[3]   The Standing Pre-Trial Order provides, in pertinent part, as follows:

Unless otherwise permitted by the Court upon timely request, expert witnesses shall prepare a written report which shall be submitted directly to the undersigned and served upon each other party at least 30 days before the first day of the trial session.  An expert witness' testimony may be excluded for failure to comply with this Order and the provisions of Rule 143(f).