**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2019-NMCA-054**

**Filing Date: June 27, 2019**

**No. A-1-CA-36478**

**HELMERICH PAYNE INTERNATIONAL
DRILLING CO.,**

Protestant-Appellee,

**v.**

**NEW MEXICO TAXATION AND
REVENUE DEPARTMENT,**

Respondent-Appellant.

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE
Dee Dee Hoxie, Hearing Officer**

Released for Publication September 24, 2019.

Askew & Mazel, LLC
Timothy R. Van Valen
Albuquerque, NM

for Appellee

Hector H. Balderas, Attorney General
Tonya Noonan Herring, Special Assistant Attorney General
Santa Fe, NM

for Appellant

**OPINION**

**BOGARDUS, Judge.**

**{1}** The New Mexico Taxation and Revenue Department (the Department) appeals from a decision and order of the Administrative Hearings Office (AHO) awarding Helmerich & Payne International Drilling Co. (Helmerich) $50,000 in administrative costs and fees associated with its tax protest. The Department challenges the AHO's subject matter jurisdiction to make the award. The Department further alleges that, assuming

the AHO had jurisdiction, the AHO abused its discretion in exercising it. We conclude that the AHO's exercise of jurisdiction was proper and that the AHO did not abuse its discretion in awarding Helmerich the costs and fees. Further, we decline to consider the issue of award amount because the Department failed to preserve it. Accordingly, we affirm the AHO's decision and order (the Decision).

## BACKGROUND

**{2}**     The following facts, which the parties do not dispute, are taken from the Decision. The matter at issue in this case was prompted by a 2015 Department corporate income tax audit of Helmerich. Following the Department's assessment against Helmerich for $391,178 in tax, a $78,235.60 penalty, and $21,220.07 in interest, Helmerich filed a formal protest and included in it a request for an award of fees and costs. The Department then requested, and the AHO made preparations for, a hearing on the protest. Before the hearing, Helmerich filed a motion for summary judgment. The Department did not respond, instead, it abated the entire assessment. The Department never explained to Helmerich or the AHO the reason for the abatement.

**{3}**     After the abatement, Helmerich renewed its request for an award of costs and fees. The Department objected, arguing that, because the assessment was abated in its entirety before any ruling by the AHO, the AHO lacked jurisdiction to make the award. The AHO vacated the originally scheduled merits hearing but issued an order on the jurisdictional question in which it concluded that it had jurisdiction to determine the prevailing party in the protest. After a hearing on the prevailing-party issue, the AHO issued the Decision, the subject of this appeal.

## DISCUSSION

**{4}**     The Department raises several issues on appeal. Essentially, it argues that (1) the AHO lacked subject matter jurisdiction to hold a hearing on Helmerich's request for costs and fees when the AHO did not decide the underlying issue of tax, interest, and penalty owed; (2) even if the AHO had jurisdiction, it abused its discretion by concluding that Helmerich was the prevailing party, thus entitled to an award of costs and fees; and (3) the AHO abused its discretion in awarding the amount of costs and fees it did.

**{5}**     Helmerich filed a succinct answer brief stating that it materially agrees with the Decision and requesting that we affirm it. Helmerich made no arguments in response to the Department and stated that, to avoid incurring even more costs and fees, it would participate no further in the appeal.

## I.     The AHO Had Jurisdiction to Decide Whether Helmerich Was the Prevailing Party

**{6}**     Whether the AHO, an administrative agency, had subject matter jurisdiction to hold a hearing on the prevailing-party issue and to make the resulting award is a question we review de novo. *See Citizen Action v. Sandia Corp.*, 2008-NMCA-031,

¶ 12, 143 N.M. 620, 179 P.3d 1228. "The subject matter jurisdiction of an administrative agency is defined by statute, and an agency is limited to exercising only the authority granted by statute." *Id.* In construing a statute, we observe the general principles that "the plain language of a statute is the primary indicator of legislative intent" and that when "several sections of a statute are involved, they must be read together so that all parts are given effect." *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, ¶ 5, 126 N.M. 413, 970 P.2d 599 (internal quotation marks and citation omitted).

{7}     The resolution of this question of jurisdiction lies in NMSA 1978, Section 7-1-29.1 (2015, amended 2019),[1] which addresses the awarding of costs and fees in tax disputes. Section 7-1-29.1(A) reads:

> In any administrative . . . proceeding that is brought by or against the taxpayer . . . in connection with the determination, collection or refund of any tax, interest or penalty for a tax governed by . . . the Tax Administration Act, [NMSA 1978, §§ 7-1-1 to -83 (1965, as amended through 2019)] the taxpayer shall be awarded a judgment or a settlement for reasonable administrative costs incurred in connection with an administrative proceeding with . . . the administrative hearings office . . . if the taxpayer is the prevailing party.

In short, if a taxpayer is the prevailing party, it is entitled to an award of reasonable administrative costs.

{8}     Subsection (B) of the statute consists of internal definitions. As relevant here, (1) "administrative proceeding" is defined as "any procedure or other action before . . . the [AHO]"; and (2) "reasonable administrative costs" is defined to include AHO and attorney charges incurred in the context of an administrative proceeding. Section 7-1-29.1(B)(1), (3).

{9}     Lastly, Subsection (C) of the statute states that a taxpayer (1) is the prevailing party if the taxpayer has "substantially prevailed with respect to the amount in controversy"; and (2) is not the prevailing party if "the hearing officer finds that the position of the [D]epartment in the proceeding was based upon a reasonable application of the law to the facts of the case." Section 7-1-29.1(C)(1)(a), (2). The determination of whether the taxpayer is the prevailing party is made either: (1) by party agreement; (2) "in the case where the final determination with respect to the tax, interest or penalty is made in an administrative proceeding, by the hearing officer"; or (3) "in the case where the final determination is made by the court, the court." Section 7-1-29.1(C)(4).

{10}     The Department asserts that the AHO acted outside Section 7-1-29.1's scope and, thus, its jurisdiction. The Department reasons that the prerequisite for the AHO to

---

1 The version of Section 7-1-29.1 in effect on the date Helmerich filed its protest and through the date the Decision was filed, and not the most recent version of that section reflecting 2019 amendments, is referenced throughout this opinion.

address the prevailing-party matter—that is, the AHO's deciding the tax issue central to Helmerich's protest—was not met. The Department further argues that, in the absence of an AHO hearing on the tax issue, it is the role of the parties, not the hearing officer, to resolve the prevailing-party issue—specifically, by party agreement. Here, the Department and Helmerich reached no such agreement. Therefore, the Department contends, the AHO wrongly inserted itself in the prevailing-party matter and, in so doing, exceeded its jurisdiction.

**{11}** We decline to read the statute as leaving an otherwise eligible protesting taxpayer cut off from Section 7-1-29.1's relief by reason only of (1) abatement of the taxpayer's assessed tax; and (2) absence of agreement that the taxpayer is the prevailing party. First, the statute contains no such limitation. Second, such a reading is incompatible with the statute's purpose, which we must help effectuate. *See Valenzuela v. Snyder*, 2014-NMCA-061, ¶ 16, 326 P.3d 1120 (noting that we seek to give effect to the Legislature's intent when interpreting statutes).

**{12}** The statute gives a taxpayer a remedy for having to defend itself against an unreasonable assessment. In adopting the measure, the Legislature sought to curb unfairness by the Department and expand a taxpayer's opportunity to enforce its rights. The Fiscal Impact Report[2] associated with the measure supports this view; the report states that the measure "seeks to remedy perceived unfair treatment of certain taxpayers by the . . . Department." We note too that the federal corollary to New Mexico's taxpayer award provision, 26 U.S.C. § 7430 (2018), on which New Mexico's provision was closely modeled, was enacted to "deter abusive actions or overreaching by the Internal Revenue Service [(I.R.S.)] and to enable individual taxpayers to vindicate their rights." Dani Michele Miller, *Can the Internal Revenue Service Be Held Accountable for Its Administrative Conduct? The I.R.C. Section 7430 Fee Recovery Controversy*, 18 Golden Gate U. L. Rev. 371, 375 (1988) (alteration, internal quotation marks, and citation omitted).

**{13}** This taxpayer right is not dispensable. The statute says that a taxpayer "shall" be awarded costs if it is the prevailing party. Section 7-1-29.1(A). The Department thus does not have the discretion to, in effect, deny costs to a prevailing-party taxpayer. *See* NMSA 1978, §§ 12-2A-1, -4(A) (1997) (stating that "shall," used in a statute, expresses a requirement).

**{14}** The question becomes, which actor or actors will make the prevailing-party determination? The three possibilities are the parties, the AHO, and the court. This matter was initiated through the protest process over which the AHO, not a court, has jurisdiction. The parties did not agree on whether Helmerich was the prevailing party. In the absence of such an agreement, the AHO, then, was the appropriate, indeed the only, entity in a position to determine whether Helmerich was the prevailing party.

---

2 Fiscal Impact Report for H.B. 64, *Taxpayer Bill of Rights*, 1 (Feb. 28, 2003), https://nmlegis.gov/Sessions/03%20Regular/firs/hb0064.pdf.

**{15}** Contrary to the Department's assertion, it does not matter that the AHO did not, following a formal hearing or otherwise, make the final determination of Helmerich's tax liability. That determination was made by the Department when it issued the abatement, but its action did not defeat the AHO's jurisdiction over the matter. This is because, for one thing, the prevailing-party issue was outstanding. In other words, not every aspect of the dispute arising from Helmerich's protest had been fully resolved, and so the AHO's jurisdiction continued. *See* 20 Am. Jur. 2d *Courts* § 95 (2019) ("[O]nce a court has acquired jurisdiction of a case, its jurisdiction continues until the . . . cause is finally determined or disposed of, or is resolved, subject to appellate review, that is, all the issues of fact and law are determined and a final judgment is entered." (footnotes omitted)). For another, once the AHO assumes jurisdiction over a taxpayer's protest, the Department cannot deprive the AHO of jurisdiction by abating the assessment. *Cf. McGowan v. Comm'r of Internal Revenue*, 67 T.C. 599, 601, 608 (1976) (holding that the I.R.S.'s concession of an issue in a tax case, which resulted in no taxpayer liability, does not automatically deprive the United States Tax Court of jurisdiction to decide the case on its merits); *Bowman v. Comm'r of Internal Revenue*, 17 T.C. 681, 685-86 (1951) (citing *Last Chance Min. Co. v. Tyler Min. Co.*, 157 U.S. 683, 694-95 (1895) and stating that, once the tax court assumes jurisdiction over a taxpayer's protest of an I.R.S. tax assessment, the I.R.S. cannot deprive the court of jurisdiction by canceling the assessment).

**{16}** Given Section 7-1-29.1's purpose of deterring Department unfairness and our role to support the Legislature's aim, we reject the Department's narrow reading of Section 7-1-29.1 and reject the notion that, through its action or inaction, the Department may terminate the AHO's jurisdiction. Accordingly, we conclude that the AHO's assertion of jurisdiction to resolve the prevailing-party issue was proper.

## II.   The AHO Did Not Abuse Its Discretion in Designating Helmerich the Prevailing Party

**{17}** We next address the basis for the award: the AHO's decision that Helmerich was the prevailing party. We will set aside such a decision only if it is "(1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." NMSA 1978, § 7-1-25(C) (2015). "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo. Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Harrison v. Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citations omitted).

**{18}** Again, Section 7-1-29.1(C) provides that a taxpayer (1) is the prevailing party if the taxpayer has "substantially prevailed with respect to the amount in controversy"; and (2) is not the prevailing party if "the hearing officer finds that the position of the [D]epartment in the proceeding was based upon a reasonable application of the law to the facts of the case." The section continues by listing two conditions under which the Department's position is presumptively based on an unreasonable application of law to

the facts of the case: (1) when "the department did not follow applicable published guidance in the proceeding"; and (2) when "the assessment giving rise to the proceeding is not supported by substantial evidence determined at the time of the issuance of the assessment[.]" Section 7-1-29.1(C)(2).

**{19}** In its summary judgment motion, Helmerich maintained that it was the prevailing party because the Department's position in the matter was unreasonable. Helmerich explained how, in its view, the assessment represented an improper application of law to the facts of its case. Following the motion, the Department had several opportunities to rebut Helmerich's status as the prevailing party, but failed to address the issue each time. It failed to respond to Helmerich's motion for summary judgment; it failed to respond to Helmerich's renewed request for an award after the abatement; it failed to file a written argument on the prevailing-party issue; and it failed to present testimony or evidence at the prevailing-party hearing. In summary, the Department never explained how its original assessment was the result of a reasonable application of law to the facts. In the end, the AHO concluded that Helmerich was the prevailing party because it "prevailed as to the entire amount in controversy when the assessment was abated" and because there was insufficient evidence to establish that the Department's position was based on a reasonable application of law to the facts.

## A.      Prevailing-Party Designation as a Matter of Law

**{20}** The Department contends first that Helmerich cannot be the prevailing party as a matter of law. The Department quotes case law to suggest that a judgment, court-ordered decree, administrative tribunal decision, or settlement in a party's favor is prerequisite to a party's designation of "prevailing party" in the fee-award context. One of the cases on which the Department relies remarks that it is not a "voluntary change in conduct" that triggers the fee-award shift, but rather an alteration in the legal relationship of the parties. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). The Department seems to argue that here, given the absence of either an AHO decision on the tax issue or a party settlement, there has been no formal alteration in the legal relationship and thus Helmerich's prevailing-party designation is improper.

**{21}** We disagree that the AHO's designation of Helmerich as the prevailing party was conditioned on the AHO's deciding the tax issue. First, as previously discussed, premising the fee shift on an AHO or court decision or party settlement would be incompatible with the statute's purpose of targeting Department unfairness. As this case demonstrates, not all tax protests end in one of those formal resolutions. But it is always possible that a given protest began because the Department abused its powers. That abuse is the statute's target, and we will not diminish the statute's force by reading into it the finality requirement proposed by the Department. Second, such a formalistic reading in this case's context would entail overlooking the apparent alteration in the legal relationship between Helmerich and the Department. The facts here suggest something more than merely "voluntary change in conduct[,]" *see id.*, by the Department. The Department does not argue that it reserves the right to revive the

assessment at the core of Helmerich's protest. Without such a reservation, the element of finality—which the Department urges us to adopt as a requirement—is materially satisfied. Accordingly, in this instance, Helmerich is a prevailing party under Section 7-1-29.1(C), even in the absence of an AHO decision on the matter central to Helmerich's protest.

**B.      Procedural and Evidentiary Challenges to Prevailing-Party Designation**

**{22}**     The Department next argues that the AHO's determination that Helmerich is the prevailing party suffers from procedural and evidentiary flaws. Namely, the Department cites as error that (1) the AHO and Helmerich violated the Rules of Civil Procedure for the District Courts governing Helmerich's summary judgment motion; and (2) essentially, the AHO did not make findings negating the reasonableness of the Department's position.

**{23}**     The Department's arguments are premised on the assumptions that (1) tax-protest hearings are subject to the Rules of Civil Procedure for the District Courts; (2) Helmerich had the burden of proving that the Department's position in the proceeding was based on an unreasonable application of law to facts; and (3) the AHO was precluded from deeming Helmerich the prevailing party in the absence of evidence of such unreasonableness. The Department's assumptions are faulty.

**{24}**     Concerning the first point, the Rules of Civil Procedure for the District Courts do not apply to tax-protest hearings. *See* NMSA 1978, § 7-1B-6(D)(2) (2019). Instead, 3.1.8 NMAC applies. *See* 3.1.8.2 NMAC. Regulation 3.1.8.16(C) NMAC provides that an opposing party is deemed to have consented to the granting of relief asked for in a motion if the party does not timely respond to the motion. This has two implications relevant here: (1) the Department's assertions predicated on the rules of civil procedure fail; and (2) by not answering Helmerich's motion for summary judgment and its request for an award of costs and fees, the Department in effect consented to the award ultimately granted.

**{25}**     Concerning the second point, we disagree that the burden of proof on the issue of reasonableness fell on Helmerich. Section 7-1-29.1 does not explicitly or implicitly state that it is the taxpayer's burden to prove that the Department's position in a proceeding was based on an unreasonable application of law to facts, one of the considerations controlling the prevailing-party designation. *See* § 7-1-29.1(C). Rather, the statute first sets forth the "substantially prevailed" terms under which a taxpayer is initially entitled to the prevailing-party status. Section 7-1-29.1(C)(1). The statute then provides an exception, a way for the taxpayer to lose that status: "[I]f . . . the hearing officer finds that the position of the [D]epartment in the proceeding was based upon a reasonable application of law to the facts of the case." Section 7-1-29.1(C)(2). The hearing officer would only be able to make this finding if given some basis for it. That basis is more within the Department's ability to establish than it is within the taxpayer's; the Department will have more insight into the underpinnings of its position than will the

taxpayer. This observation suggests that the burden to prove the exception and rebut the taxpayer's status as the prevailing party falls on the Department.

**{26}**   Furthermore, the statute uses the term "reasonable," not its inverse, "unreasonable," as construed by the Department. Section 7-1-29.1(C)(2). It stands to reason that the Department, not the taxpayer, would take the position that its application of law to the facts of a case was reasonable. This, too, suggests that the Department has the burden to prove the exception. Consequently, we reject the Department's contention that Helmerich was entitled to an award only upon proving that the Department's position in the proceeding was based on an unreasonable application of law to facts.

**{27}**   Concerning the third point, we disagree that the AHO erred by not making the findings the Department now argues are requisite to the award. The Department had several opportunities to argue in favor of the reasonableness of its position, yet it remained silent on the question. That the AHO did not make findings to rebut Helmerich's status as the prevailing party is to be expected: the Department supplied no evidence for their support.

**{28}**   We conclude that the AHO did not abuse its discretion in designating Helmerich the prevailing party, thereby entitling it to an award of costs and fees. The Department does not challenge that Helmerich substantially prevailed. Having substantially prevailed, Helmerich was the prevailing party under the statute unless the AHO found that the "reasonable application" exception applied. The Department offered scant evidence that it fell within the exception: that is, that its position was a reasonable application of law to the facts of Helmerich's case. We are not persuaded that Section 7-1-29.1(C) requires the AHO to specifically find that the exception does not apply before designating a substantially prevailing taxpayer the prevailing party. Accordingly, we uphold the AHO's decision to award costs and fees based on its determination that Helmerich was the prevailing party.

### III.   The Department Did Not Preserve the Award Amount Issue

**{29}**   We lastly address the award amount. Before the prevailing-party hearing, Helmerich requested $50,000, the statutory maximum, in administrative costs. It provided an affidavit that the attorney fees and costs it incurred in connection with the protest exceeded that amount.

**{30}**   On appeal, the Department contends that the award amount was improper because the AHO neither applied objective standards to determine its reasonableness nor provided a reasoned explanation for the award amount.

**{31}**   We decline to review this issue because the Department did not preserve it. *See* § 7-1-25(A) (stating that a party may appeal to this Court for relief from an AHO decision, but only to the same extent and on the same theory as was asserted in the hearing before the hearing officer). The Department did not raise the issue in its

pleadings or challenge the amount requested at the prevailing-party hearing. On appeal, the Department does not explain how, nor cite to the record where, it preserved this issue as Rule 12-318(A)(4) NMRA requires. Consequently, we will not address the propriety of the award amount.

**CONCLUSION**

**{32}** We affirm.

**{33}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**ZACHARY A. IVES, Judge**